Filed Nov. 5, 1889.

| 120 | 229 |
| 121 | 533 |

| 120 | 229 |
| 170 | 307 |

No. 15,004.

## THE STATE v. FRENCH.

CRIMINAL LAW.—*Trespass.*—*Unenclosed Land.*—Under section 1941, R. S. 1881, it is trespass to enter upon the land of another after being forbidden, whether the land be enclosed or not.

SAME.—*"Premises."*—*Meaning of Word.*—As the word "premises" means "lands and tenements," an affidavit under section 1941 is not bad because such word is used instead of the word "land."

SAME.—*Affidavit for Trespass.*—*Description of Premises.*—An affidavit for trespass under section 1941, is bad unless it contains some identification or description of the premises upon which it is alleged the offence was committed.

From the Sullivan Circuit Court.

*L. T. Michener*, Attorney General, *W. C. Hultz*, Prosecuting Attorney, *J. H. Gillett* and *O. B. Harris*, for the State.

*W. S. Maple, G. W. Buff* and *J. S. Bays*, for appellee.

ELLIOTT, C. J.—The charge against the appellee is made in the following language : " That on the 15th day of April, 1889, Henry French unlawfully entered upon the premises of John A. Cain, in Sullivan county, in the State of Indiana, after being forbidden to do so by him, the said John A. Cain." The offence which the affidavit assumes to charge is that of trespass as defined by section 1941, R. S. 1881.

There is no merit in the contention that the affidavit is insufficient because it does not state whether the premises were inclosed or uninclosed. There was no necessity for any statement on this point, for whether the premises were inclosed or not it was a misdemeanor to enter upon them after being forbidden.

It is contended with some force and plausibility that the charge is insufficiently made because the word " premises " is employed instead of the word land. In view of our statutory provisions upon the general subject, and of our decisions, we think the contention can not be permitted to prevail. One of these statutory provisions is as follows: " Words used in a statute to define a public offence need not be strictly pursued, but other words conveying the same meaning may be used." R. S. 1881, section 1737. The word " premises " is now commonly used to mean " lands and tenements." Possibly usage has corrupted the meaning of the word, but the authors of our law and other dictionaries say that one of the meanings of the word is that which we have given it.

We hold the affidavit insufficient, because the premises were not described. A person prosecuted for such a trespass as that here charged, has a right to be informed of the place upon which he is charged with having trespassed. Probably no great strictness is required in describing the premises, but there must be some description, and it should be sufficiently definite to enable the accused to know the precise charge he is called upon to meet.

Judgment affirmed.

Filed Sept. 24, 1889.

## ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—We think the authorities cited by the State do not apply to such a case as this. We think that where there is a prosecution under the statute on which the affidavit is founded, there must be some identification or de-

scription of the property, otherwise if the person named as owner should own ten, or more, parcels of property, the defendant could not be informed which parcel it was that he was forbidden to enter. If prosecuted a second time, a defendant could not show by the record, as he ought to have a right to do, that there had been a former recovery or a former acquittal. There is a distinction between prosecutions under this statute and cases where permanent injury is done to the land.

Certainly, where, as here, the prosecutor employs such a loose and vague term as "premises," he should be required to give some general description of the premises.

Petition overrruled.

Filed Nov. 2, 1889.