Winlock v. The State.

Filed Jan. 17, 1890.

---

No. 15,191.

WINLOCK v. THE STATE.

CRIMINAL LAW.—*Trespass.*—*Description of Lands.*—*Indictment.*—*Sufficiency of.*—Where a statute simply provides punishment for an unlawful entry upon the lands of another, without making any provision for the restoration of the land to the rightful owner or occupant, and where locality or place is not an essential ingredient of the offence, no particular description is necessary. A charge, in the language of the statute, is sufficient. If, in addition to punishing the trespass, the court may order restitution, the indictment must contain a particular description, sufficient, at least, to identify the thing to be restored.

SAME.—*Particular Description of Lands.*—*Indictment need not Contain.*—Where one was charged, under section 2110, R. S. 1881, with having unlawfully hunted, with fire-arms, etc., " on the enclosed lands" of A. B., etc., the indictment was not defective for a failure to describe the land upon which the hunting was done with greater particularity. It is sufficient, in such a case, to charge the offence as having been committed in the county and State, without any further identification than to name the owner or occupant of the land upon which the offence was committed.

SAME.—*Averments in Indictment.* —*When need not be Proved as Laid.*—An averment in an indictment that is not an essential matter of description, nor so blended with matter of that character that the two can not be separated, need not be proved as laid.

From the Knox Circuit Court.

*J. S. Pritchett* and *H. Burns*, for appellant.

*L. T. Michener*, Attorney General, *O. H. Cobb*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

MITCHELL, C. J.—The grand jury of Knox county made presentment of the appellant to the circuit court at its March term, 1889. The charge in the indictment is, that "one Henry Winlock, late of said county and State aforesaid, did on the 24th day of November, 1888, at said county, unlawfully hunt with fire-arms, to wit : a shot-gun, on the enclosed lands of William S. Ewing, without then and there having first obtained the consent of the said Ewing," etc.

Section 2110, R. S. 1881, makes it a misdemeanor to hunt with a dog or dogs, or to hunt or shoot with any kind of fire-arms on inclosed lands without having first obtained the consent of the owner or occupant thereof. It is insisted that the indictment is defective in that it does not describe or identify the land upon which the hunting was done with sufficient certainty.

The objection is not maintainable. The offence is charged to have been committed in Knox county, in the State of Indiana, on the inclosed lands of William L. Ewing.

The general rule seems to be, where a statute simply provides punishment for an unlawful entry upon the lands of another, without making any provision for the restoration of the land to the rightful owner or occupant, and where locality, or place, is not an essential ingredient of the offence, no particular description is necessary. A charge in the language of the statute is sufficient. If, in addition to punishing the trespass, the court may order restitution, the indictment must contain a particular description, sufficient, at least, to identify the thing to be restored. In like manner, in case a nuisance is to be abated, or any other proceeding. is to be had against the place, a local description of it, sufficient to point it out with reasonable certainty, is necessary in the indictment. 1 Bishop Crim. Proc., section 372 ; 2 Bishop Crim. Proc., sections 381, 382.

Where, however, the minor locality is not an essential ingredient of the crime, and the judgment can have no reference to any particular locality or place where the of-

fence was committed, it is ordinarily sufficient to charge it as having been committed in the county and State, without any further identification than to name the owner or occupant of the land upon which the offence was committed.

Accordingly, in an indictment under section 1961, R. S. 1881, which makes any person who, without license from competent authority, removes from the land of another any tree, stone, timber, or other valuable article, guilty of a trespass, was held sufficient although it only charged that the property was removed from lands, situate in a county named, belonging to an individual whose name was given. *Dorrell* v. *State*, 80 Ind. 566. See, also, *Newland* v. *State*, 30 Ind. 111; *Johnson* v. *State*, 68 Ind. 43; *App* v. *State*, 90 Ind. 73; *Keith* v. *State*, 90 Ind. 89; *Turner* v. *State*, 102 Ind. 425; 1 Bishop Crim. Proc., section 544.

The inclination of courts is to dispense with all unnecessary averments in criminal pleadings. It is said, however, that the ruling in *State* v. *French*, 120 Ind. 229, is opposed to the cases above cited. That was a prosecution under section 1941, R. S. 1881, which makes it a misdemeanor for any one who, after being forbidden so to do, shall enter upon the enclosed or unenclosed land of another. The charge in that case was that the accused unlawfully entered upon the *"premises"* of another after having been forbidden. It will be observed that the words employed in the statute as descriptive of the offence were not used, but instead of charging the entry to have been upon either the enclosed or unenclosed land of another, the word "premises" was substituted in the indictment or information. It was correctly held that the word "premises," according to some recognized definitions, was the equivalent of "lands and tenements," but that without more, it did not sufficiently describe either enclosed or unenclosed land. "Premises" includes land and everything appurtenant thereto; accordingly, in *Bandalow* v. *State*, 90 Ill. 218, it was ruled that a public street and alley adjacent to a brewery were part of the premises. We

adhere to the conclusion in *State* v. *French, supra,* but we are unable to see that it militates against the conclusion above stated in the present case.

It is said that there was a failure of proof, in that the evidence did not show that the fire-arm with which the appellant was hunting was a shot-gun, as charged in the indictment.

The averment that the fire-arm was a shot-gun was not an essential matter of description, nor was it so blended with matter of that character that the two could not be separated. It was not necessary, therefore, to prove it as laid. *Hull* v. *State,* 120 Ind. 153.

The evidence sustains the verdict. There was no error.

Judgment affirmed, with costs.

