No. 14,233.

## THE STATE *v.* BURNS.

TRESPASS.—*Special Plea in Bar.*—*Insufficiency of.*—In a prosecution under section 1941, R. S. 1881, a special plea in bar is bad, which avers that at the time of the alleged entry, the lands entered upon did not belong to the tenant in possession, who was alleged in the affidavit to be the lawful occupant of the lands, but were owned in fee simple by another person.

SAME.—*Section 1941, R. S. 1881, Construed.*—*Ownership of Land Entered upon.*—*Allegation in Indictment as to.*—*Landlord and Tenant.*—The offence defined by section 1941, R. S. 1881, consists in entering unlawfully upon the lands of another after having been forbidden to do so by the owner or occupant. The indictment may properly allege the ownership of the land to be either in the tenant or the landlord, and the offence may be maintained by proving an unlawful entry after being forbidden by the lawful owner or occupant, or his agent or servant.

SAME.—*Action for.*—*Who may Maintain.*—*Tenant in Possession.*—One who is in the exclusive possession of real estate as tenant under a lease, is, during the continuance of his tenancy, to all intents and purposes the owner, and may maintain an action against a wrong-doer, which can not be defeated by showing the title to be in some one other than the plaintiff. A tenant in possession is deemed the owner in law.

From the Wells Circuit Court.

*B. C. Vaughn*, Prosecuting Attorney, for the State.

*A. N. Martin*, for appellee.

MITCHELL, C. J.—Section 1941, R. S. 1881, makes it a misdemeanor for any one who, being about to enter unlawfully upon the enclosed or unenclosed land of another, shall be forbidden so to do by the owner or occupant, his agent or servant, or who, being unlawfully upon the enclosed or unenclosed land of another, shall be notified to depart therefrom by the owner or occupant, his agent or servant, shall thereafter enter upon such land or neglect or refuse to depart therefrom.

The charge in the affidavit upon which this prosecution

was predicated is that the appellee, Burns, unlawfully entered upon the enclosed lands of John R. Newman, being situate in Wells county, in the State of Indiana, after having been forbidden so to do by the above-named John R. Newman, who was then and there the lawful occupant of the land.

To this charge the defendant interposed a special denial, to the effect that at the time of the alleged entry the lands entered upon did not belong to John R. Newman, but were owned in fee simple by Elias Thomas.

This was held to be a sufficient answer to the charge. As a special plea in bar the answer was manifestly insufficient. It in no way controverts the averment in the affidavit that Newman was the lawful occupant of the land, and forbade the entry thereon. While Thomas may have been the owner of the fee, the inference fairly arises from the affidavit and answer that Newman was a tenant, lawfully in possession of the lands wrongfully entered upon under a lease.

If Newman was in possession as tenant under a lease, it was proper to charge that the entry was made upon his land, and it was no defence to answer that Thomas was the owner of the fee. One who is in the exclusive possession of real estate as tenant under a lease, is, during the continuance of his tenancy, to all intents and purposes the owner, and may maintain an action against a wrong-doer, which can not be defeated by showing the title to be in some one other than the plaintiff. *McCrillis* v. *State*, 69 Ind. 159. A tenant in possession is deemed the owner in law. *Kennedy* v. *State*, 81 Ind. 379.

The offence defined by the statute consists in entering unlawfully upon the lands of another after having been forbidden to do so by the owner or occupant. The unlawful entry in defiance of the command of the lawful occupant constitutes the offence. The indictment may properly allege the ownership of the land to be either in the tenant or the landlord, and the offence may be maintained by proving an un-

lawful entry after being forbidden by the lawful owner or occupant, or his agent or servant. *Beggs* v. *State,* 122 Ind. 54.

The court erred in overruling the demurrer to the special answer.

Judgment reversed.

