Filed Nov. 13, 1891.

---

No. 471.

## OSTLER v. THE STATE.

MALICIOUS TRESPASS.—*Description of Property.—Sufficiency of Indictment.*— In a prosecution for malicious trespass to a church building, an indictment sufficiently describes the building which shows it to have been a church building, and to have been located in the county where the injury is charged to have been committed,. and where the indictment was returned. The particular situation, or minor locality of the property injured, does not constitute a part of the statutory description, or an essential ingredient of the offence.

CONTINUANCE.—*Criminal Prosecution.—Affidavit.—Averment as to Due Diligence.*—In a criminal prosecution, a motion by the defendant to postpone the trial on account of the absence of evidence, can be made only on affidavit showing, among other things, "that due diligence has been used to obtain" the evidence.

SAME.—*Affidavit for.—Insufficiency of.*—Where the affidavit for a continuance by one of two defendants in a criminal prosecution, on account of

absent witnesses, failed to show that the subpœna was procured by or for the affiant, or that the witnesses were subpœnaed as his witnesses, or when the subpœna was issued, or when, where, how or by whom it was served, or what the return was or when it was made (the subpœna and return not appearing in the record), the action of the trial court in overruling the motion for a continuance will be presumed to be correct.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Evidence.—How Made Part of Bill of Exceptions.*—Under section 1410, R. S. 1881, the original long-hand manuscript of the evidence made by the official reporter can be brought to the Appellate Court and made available there as a part of the record only "when the same shall have been incorporated in a bill of exceptions." To satisfy this requirement the reporter's long-hand manuscript must be put bodily within the bill of exceptions. It can not be made part of the bill by being attached thereto and referred to therein.

From the Clinton Circuit Court.

*J. Strawn, —— Shortle, —— Higinbotham* and *M. Bristow,* for appellant.

*A. G. Smith,* Attorney General, *J. Combs,* Prosecuting Attorney, and *J. V. Kent,* for the State.

BLACK, J.—The appellant was indicted, convicted, and sentenced under section 1955, R. S. 1881, providing that whoever maliciously or mischievously injures, or causes to be injured, any property of another, or any public property, is guilty of malicious trespass, and upon conviction thereof shall be fined not more than twofold the value of the damage done, to which may be added imprisonment in the county jail, etc.

The court overruled the appellant's motion to quash the indictment. It charged that the appellant, on, etc., at said county of Clinton, and State of Indiana, did then and there unlawfully, maliciously, and mischievously injure a certain church building, then and there the property of some person or persons to this grand jury unknown, by then and there maliciously and mischievously taking and removing manure from a privy-vault, and scattering and spreading said manure over the walls, seats, floor, pulpit, and other portions of said

building, then and there and thereby befouling the inside of said building, and causing an unwholesome and nauseating stench and smell, or odor, to be emitted from the room of said building, to the damage of said building in the sum of ten dollars; contrary, etc.

The appellant insists that the description of the offence was so indefinite that he was not notified by the indictment as to the building which he was charged with having injured; and it is contended that the indictment should have designated the locality of the building.

The property injured is shown by the indictment to have been in the county where the injury is charged to have been committed, and where the indictment was returned. It is shown to have been a church building. The character of the injury done is fully stated as part of the description of the offence.

The particular situation, or minor locality of the property injured, does not constitute a part of the statutory description, or an essential ingredient of the offence; and a proper judgment may be rendered in such a case without regard to the immediate situation or locality of the property. *Winlock* v. *State*, 121 Ind. 531.

The indictment is not insufficient as suggested by the appellant.

The appellant's motion for a continuance, because of the absence of two witnesses, was overruled. This ruling is assigned as error. It was also stated as one of the reasons in a motion for a new trial, which was overruled, and the overruling of the motion for a new trial is assigned as error. It would seem that the latter mode is the proper one for the presentation of the question for review. See *Hutts* v. *Shoaf*, 88 Ind. 395; section 559, cl. 1, and section 1842, cl. 1, R. S. 1881.

In a criminal prosecution, a motion by the defendant, as in a civil action a motion by either party, to postpone the

Ostler v. The State.

trial on account of the absence of evidence, can be made only on affidavit showing, among other things, "that due diligence has been used to obtain" the evidence. Sections 410, 1781, R. S. 1881.

In the appellant's affidavit, upon which the motion for a continuance was based, it was stated as to one of the absent witnesses, one Joan Purciful, that he "resides at Boyleston, Clinton county, Indiana; that said witness was duly subpœnaed, as the return of the sheriff to the subpœna issued in this cause will show, which subpœna and return are hereby made a part of this affidavit," etc. As to the other absent witness, one Asa Armstrong, it was stated in the affidavit that he "lives at Boyleston, Clinton county, Indiana; * * * that said witness was duly subpœnaed, as is shown by the subpœna issued herein and the sheriff's return thereto, both of which are made part of this affidavit and referred to," etc.

The subpœna and return, which thus appear to have been relied on in the court below to show diligence, do not appear in the record. Another defendant was tried with the appellant and acquitted. It does not appear that the issuance of the subpœna was procured by or for the appellant, or that the witnesses were subpœnaed as his witnesses, or when the subpœna was issued, or when, where, how or by whom it was served, or what the return was, or when it was made.

It must appear by the affidavit, in such a case, that, due diligence has been used to obtain the evidence on behalf of the person claiming to have been injured by the refusal to grant a continuance. If a material portion of what was presented to the trial court to show due diligence be not brought before us, we, not knowing upon what the court decided, can not determine that it erred in its decision.

We must presume in favor of the action of the court below until error is affirmatively shown.

We are asked to reverse the judgment upon the evidence, but the evidence is not properly in the record.

A bill of exceptions, after the caption, commences as follows: " Be it remembered that on the trial of the above entitled cause, before a jury, all the evidence given on said trial is set forth in ' Exhibit A,' filed herewith, which exhibit shows said evidence to have been taken down by Neal D. Carter, official reporter of said court, and that his certificate is hereto attached." The bill then recites certain other matters, which are sufficiently shown elsewhere in the record without a bill of exceptions, and then closes as follows : " And the said ———— now tenders this his second bill of exceptions, and prays for the same to be signed, sealed, and made a part of the record ; which is done this 21st day May, 1891." Then follows the signatures of the judge. Next following, and marked "Exhibit A," at the top of its first page, is the reporter's long-hand manuscript of the evidence, with his certificate, endorsed by the clerk as filed on the 11th of May, 1891. Then follows the clerk's certificate to the transcript, dated the 13th of May, 1891, in which the reporter's manuscript is thus certified : " And also that the long-hand manuscript of the evidence, and marked "Exhibit A," as the same appears of record in the above transcript, is the original long-hand manuscript made by the official short-hand reporter of said court from his *verbatim* report of the evidence in said cause, and is the identical one filed in my office the 11th day of May, 1891."

Under the statute (section 1410, R. S. 1881), the original long-hand manuscript of the evidence made by the official reporter can be brought to this court, and made available here as a part of the record, only "when the same shall have been incorporated in a bill of exceptions." To satisfy this requirement the reporter's long-hand manuscript must be put bodily within the bill of exceptions. It can not be made part of the bill by being attached thereto, and referred to therein.   The decisions require a strict compliance with the

statutory requirement. *Ohio, etc., R. W. Co.* v. *Voight,* 122 Ind. 288; *Patterson* v. *Churchman,* 122 Ind. 379.

·We find no available error.

The judgment is affirmed, with costs.

Filed Nov. 13, 1891.