Ryan *et al. v.* The State.

———◆———

No. 564.

### Ryan et al. *v.* The State.

CRIMINAL TRESPASS.—*Evidence.—Title in Third Person.*—In a prosecution for criminal trespass for being unlawfully upon the land of another and refusing to depart therefrom after having been notified so to do, it is not competent for the defendant to prove title in a third person, although he may, of course, prove title or right of possession in himself.

SAME.—*Notice to Depart.—What is Not.*—If one who is upon the premises of another attempts to commit an unlawful act and is notified by the occupant to desist or "quit," and refuses, he is not liable to a prosecution under the statute for criminal trespass. Section 1941, R. S. 1881. Such language can not be construed to be a notice to depart.

SAME.—*When Notice Must be Given.*—Notice to depart from the land at a time when the defendant was not upon it will not support a prosecution for criminal trespass, and the fact that he went upon the premises after

such notice will not avail the State. The notice must be given while the defendant is upon the land.

From the Madison Circuit Court.

*G. M. Ballard, C. H. Burchenal* and *J. L. Rupe,* for appellants.

*A. G. Smith,* Attorney General, *A. C. Carver* and *F. P. Foster,* for the State.

CRUMPACKER, J.—The appellants were convicted of criminal trespass under section 1941, R. S. 1881. The affidavit charges that on the 16th day of May, 1891, the appellants were unlawfully upon the land of Margaret Purcell, in Madison county, " and being then and there notified to depart therefrom by said Margaret Purcell and by Patrick Purcell, the occupants thereof, did then and there unlawfully neglect and refuse to depart therefrom."

Said section of the statute provides that "Whoever, being about to enter unlawfully upon the inclosed or uninclosed land of another, shall be forbidden so to do by the owner or occupant, or his agent, or servant; or who, being unlawfully upon the inclosed or uninclosed land of another, shall be notified to depart therefrom by the owner or occupant, or his agent or servant, and shall thereafter enter upon such land, or neglect or refuse to depart therefrom, shall be guilty, etc."

Two distinct offences are created by this statute, viz.: *First.* The unlawful entry upon the land of another after having been forbidden thereto; and, *Second.* Being unlawfully upon the land of another and refusing to depart therefrom after having been notified so to do.

Under the first, the unlawful entry, after being forbidden, is the gravamen of the charge. *Beggs* v. *State,* 122 Ind. 54. While under the latter the gravamen of the offence consists in the unlawful failure to depart from the land of another after notice. This prosecution belongs to the second class, and to sustain it it was incumbent upon

the State to prove that appellants were unlawfully upon the land of Margaret Purcell, and while so there were notified to depart, but failed to do so. One who is in the exclusive possession of real estate is the owner in the sense of the law, for the purposes of criminal prosecutions, and the defendant in a charge like the one in this case can not defeat the prosecution by proving title in a third person. *State* v. *Burns*, 123 Ind. 427.

He may, however, prove title or right to possession in himself for the purpose of showing that his entry or presence upon the land was not unlawful. The facts in this case are substantially as follows : Margaret Purcell claimed ownership of a small parcel of land in the city of Anderson, adjoining the right of way of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, which she inclosed with a fence in the spring of 1891. She constructed the fence at a distance of twenty-five feet from the center of the company's main track, and enclosed a strip of land about fifteen feet wide, which the company claimed for right of way. Appellants were section hands in the employment of the company, and under instructions from the officer in charge they removed Mrs. Purcell's fence from the land claimed by the company and set it over on her land, which was not in dispute. For this the prosecution was brought. Appellants had the right to remove the fence from the right of way, provided it was there wrongfully. *Sherlock* v. *Louisville, etc., R. W. Co.*, 115 Ind. 22.

But it is not necessary to go into the question of title, because the judgment must be reversed upon another question, and no adjudication of title in this cause would settle the rights of the claimants.

Margaret Purcell and Patrick, her son, were the only witnesses that testified on behalf of the State to the presence of appellants upon the disputed ground or of their failure to leave upon being requested to do so. Margaret

testified that the fence was built within *eleven* feet of the center of the main track, and that appellants tore it down and removed it back; that while they were so engaged she notified them to " quit." Her testimony upon this branch of the case was as follows:

Q. " Well, what did you do or say, if anything, when they came there?

A. " I told them to quit, and they didn't quit, but hammered away on the fence, and I told them not to break the lumber.

Q. " State whether you said anything to them about going away?

A. " I told them to quit.

Q. " Where were they at that time?

A. " Knocking down the fence.

Q. " Were they on this strip then?

A. " Yes, sir."

This was all she testified to with reference to notice to appellants to depart from the premises.

Patrick testified that he occupied the land with his mother; that the fence was built along the right of way, twenty-five feet from the center of the main track, in the spring of 1891; that appellants came there on the morning of the 16th of May, and commenced to remove the fence, and while so engaged the witness notified them three several times to quit and leave the premises, but they refused to do so; that at the time he so notified them he was in the enclosure, and they were on the outside, next to the railroad, knocking down the fence; that they were on his mother's premises, as they extended outside of the enclosure and between the fence and the railroad; that after he gave them such notice they continued to tear down the fence, and removed it back upon his mother's land, which was not in dispute. The only notice this witness gave appellants to depart was when they

were on the outside of the enclosure, and between it and the railroad.

There was no other evidence upon this question. Mrs. Purcell did not pretend to notify appellants to leave the premises, but she warned them to leave off destroying the fence. "Quit," in the connection used by her, meant to "leave off" or "desist," and was not equivalent to a notice to depart. She offered no objections to appellants' presence upon the premises, but did object to their tearing down the fence.

If one, who is upon the premises of another, attempts to commit an unlawful act, and is notified to desist therefrom by the occupant, and refuses, he is not liable to a prosecution under the statute under consideration in this case. There is a material distinction between a notice to desist from the commission of an unlawful act and a notice to depart from premises.

When Patrick Purcell gave appellants notice to leave the premises, they were not within the enclosure. True, he said his mother's premises extended outside of the fence, next to the railroad, but there was no evidence of title in her to any part of the land not enclosed, neither was there any evidence that she occupied any land outside of the enclosure at the time of the alleged offense. It was necessary for the State to prove either title or possession in Mrs. Purcell to authorize a conviction. Notice to appellants to depart from the land at a time when they were not upon it will not support a prosecution under the provision of the statute upon which this case is founded, and the fact that they went upon the premises after such notice can not avail the State under the charge in this case. It might be sufficient to sustain a prosecution for entering upon the premises after being forbidden, but that question is not in the case.

There is no evidence whatever proving or tending to

prove that appellants, *while upon the land* of Margaret Purcell, were notified to leave and failed to do so.

The judgment is reversed.

