No. 959.

## THE STATE *v.* SMITH ET AL.

CRIMINAL LAW.—*Trespass on Land.*—*Sufficiency of Indictment.*—*Description of Land.*—In an indictment for trespass upon land, it is not necessary that the land be described or otherwise designated than the land of the owner, naming him.

From the Boone Circuit Court.

*P. H. Dutch,* Prosecuting Attorney, and *A. G. Smith,* Attorney-General, for the State.

*S. R. Artman* and *J. Smith,* for appellees.

LOTZ, J.—The appellees were indicted in the Boone Circuit Court for trespass upon lands. The essential part of the indictment is as follows: "That Barnard Smith and John Murphy, on the 8th day of October, A. D. 1892, at the county of Boone, and State of Indiana, did then and there unlawfully enter upon and remove from the lands of George Stephenson, there situate, a certain fence, then and there belonging to said George Stephenson, and constituting a part of said lands, without a license to do so from the said George Stephenson, or from any other competent authority; the said fence being then and there of the value of fifteen dollars."

Upon appellees' motion, the indictment was quashed in the court below. This ruling is the error assigned.

Appellees' contention is that the indictment is fatally defective for want of a more specific description of the land, and of the fence.

The statute, section 1961, R. S. 1881, makes it a criminal offense for any person, without a license, to remove from the lands of another "any tree, stone, timber or other valuable article."

The object of a criminal prosecution is to mete out

punishment to those who violate the criminal laws. The method of procedure is by indictment or information. The purpose of the indictment is, first, to inform the court of the facts alleged, so that it may decide whether they are sufficient, in law, to support a conviction, if one should be had; and, second, to furnish the accused with such a description of the charge against him as will enable him to concert his defense and avail himself of his conviction or acquittal, for protection against further prosecution for the same offense. To secure these ends, certain rules of pleading must be pursued.

A crime is an act committed or omitted in violation of a law of the State. It is elementary that the indictment or information must charge the time, place, nature and circumstances which enter into and constitute the offense with clearness and certainty. The act done or omitted to be done is the vital element of a crime. Time, place, and attendant circumstances are usually mere incidents descriptive of the offense. The general rule is that the minor circumstances which are merely incidental to the main fact need only be stated with that degree of particularity that carries knowledge of the offense and bars a future prosecution. In such matters, it is unnecessary to descend into detail or minutiæ. In some cases, however, time, place, and other circumstances are vital elements of the offense, and in such cases it is necessary that they be specifically alleged and proved as laid.

The offense defined by the statute, on which the indictment in this case is predicated, consists in the act of removing certain articles from the lands of another. The two things affected by the act are the lands and the fence. They are both elements of the offense, but are subordinate to the act. They are not active, but passive; are acted upon.

The indictment charges that the lands are situate in

Boone county, that Stephenson is the owner thereof, and that the fence formed a part of said lands. This, we think, sufficiently specific of a minor element to apprise the defendant of the charge against him, and to bar another prosecution.

Appellees, in their brief, say: "If there be three George Stephensons in Boone county, each the owner of lands in said county (which is a fact), how can we tell on which one's land we are charged with having trespassed, unless there be a sufficient description to identify the land? or, if there be one George Stephenson who is the owner of more than one parcel of land in Boone county (which is a fact), how can we determine on which parcel we are charged with having trespassed, unless there be a sufficient description to distinguish the parcels? If the description is not sufficient for this, how could the record of a conviction or an acquittal be available in a subsequent prosecution for the same offense?"

The case of *State* v. *French*, 120 Ind. 229, is cited and relied upon in support of this position.

There seems to be some conflict between the reasoning in that case and the later case of *Winlock* v. *State*, 121 Ind. 531; but there is no conflict on the point in judgment in the two cases. Appellees' argument above quoted would be equally applicable to a charge of burglary. If the charge was that the defendants did feloniously break into the store-house of George Stephenson, there situate, it might be true that there were three George Stephensons in said county, or that there was one George Stephenson who owned three different store-houses. Yet we apprehend that counsel would not seriously contend that in such a charge it is necessary to describe the owner so that he could be distinguished from other persons of the same name, or to describe the realty

on which the store-house was situated, so as to distinguish it from the other store-house owned by the same person.

We think the case at bar and the supposed case are analogous.

It is not the law that an indictment shall be so distinct and minute in its description of the offense or offender as to constitute without parol proof a bar to a second prosecution for the same offense.

The identity of the two accusations may always be shown by parol. Bishop Crim. Proced., section 544.

The indictment is sufficient. *Winlock* v. *State, supra.*

Judgment reversed, with instructions to overrule the motion to quash.

