(Hamilton County Common Pleas.)

### JOHN FOGARTY v. STATE OF OHIO.

It is not necessary in a prosecution for shooting or hunting on the lands of another to allege the character of the estate held in the land by the "owner," nor to describe the lands with the accuracy required where the proceeding is directed against the property in rem rather than against an act or occurrence.

---

Heard on petition in error.

S. W. SMITH, J.

The offense charged against the plaintiff in error is shooting or hunting on lands of another without permission under section 6966, R. S., and plaintiff in error claims that the evi-

dence does not show that the party upon whose land it is charged that he was shooting was the owner of such lands, the term owner being used in the affidavit, and therefore he should have been dismissed.

The evidence, however, shows that Newton was in possession of the land and had lived on it for fourteen years; therefore for the purpose of this statute it made no difference what his estate in the land might be, as the term "owner" is applicable not only to a fee simple estate, but to any lesser tenancy in lands, and in this case Newton was a lessee of the lands. There was no error in admitting parol evidence of the existence of the lease; it was not the *contents* of the lease that was sought to be proved, but the *fact* of having a lease, and to this *fact* Newton could testify.

2d. It is claimed the lands were not described sufficiently. Where a statute simply provides punishment for an unlawful entry upon lands of another, without making any provision for the restoration of the land to the rightful owner or occupant, and where locality or place is not an essential ingredient of the offense, no particular description is necessary. A charge in the language of the statute is sufficient. If the proceeding is to be had against the property in rem, then there should be sufficient description to point it out with reasonable certainty. The case of State v. French. 120 Ind., 229, cited by counsel, is not in point, as in the case of Winlock v. the State, 121 Ind., 531-533, the former is explained and not followed, the distinction being put upon the term" premises" used in the affidavit and not the term "lands."

There was no error in the proceedings and judgment will be affirmed.

C. W. Hoffman, for Plaintiff in Error.

F P. Bradstreet, contra.