### The State *v.* Young.

[No. 2,940.    Filed February 3, 1899.]

TRESPASS.—*Affidavit and Information.—Description of the Land.*— In a prosecution, under section 1941, Horner's R. S. 1897, for entering upon the lands of another after being forbidden to do so, the affidavit and information need not describe the land more particularly than by designating it as the land of the person named other than the defendant. *p. 547.*

SAME.—*Affidavit and Information.—Sufficiency.*—An affidavit and information charging that the defendant being about to enter unlawfully upon the lands of C., and being then and there forbidden to do so, did thereafter enter upon the land of C., does not sufficiently charge that the defendant entered upon the lands the entry of which was forbidden. *p. 547.*

From the Adams Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *David E. Smith,* for State.

BLACK, C. J.—A prosecution was instituted against the appellee by affidavit and information under the statutory provision, that "whoever, being about to enter unlawfully upon the inclosed or uninclosed land of another, shall be forbidden so to do by the owner or occupant, or his agent or servant * * * and shall thereafter enter upon such land, shall be guilty of a misdemeanor," etc. Section 2018, Burns' R. S. 1894 (1941, Horner's R. S. 1897). Upon the appellee's motion the court quashed the affidavit and in-

formation. We have not received a brief on behalf of the appellee, but in the brief for the State we are told that it was objected below that in the affidavit and information the land in question was not particularly described. It is settled that in such a case the land need not be specifically described. Besides charging the offense as having been committed in the county and state, the land need not be more particularly described than by designating it as the land of a person named other than the defendant. Compare *State* v. *French*, 120 Ind. 229, with *Winlock* v. *State*, 121 Ind. 531; and see *State* v. *Smith*, 7 Ind. App. 166, and *State* v. *Murphy*, 7 Ind. App. 44. But, construing the language of the affidavit and information in its ordinary sense, and applying the rule of pleading that the offense must be charged with reasonable certainty, we must hold that the court did not err, because it was not charged that the land on which the appellee entered was the land upon which he was forbidden to enter; the charge being that the appellee, on, etc., at and in the county of Adams and state of Indiana, being then and there about to enter unlawfully upon the land of David D. Coffee, and being then and there forbidden to do so by him, the said David D. Coffee, "he, the said Charles Young did thereafter, on said date aforesaid, enter unlawfully upon the land of said David D. Coffee." The judgment is affirmed.