## STATE OF INDIANA *v.* ANDERSON ET AL.

[No. 22,124.   Filed April 24, 1912.]

1. TRESPASS.—*Criminal Responsibility.—Sufficiency of Affidavit.—Description of Land.*—In a prosecution for trespass under §2280 Burns 1908, Acts 1905 p. 584, the description in the affidavit of the land as being in Knox county, Indiana, and as "the land known as the Sanborn Children's Park, of which these affiants are the occupants and trustees," is sufficient.  p. 438.

2. CRIMINAL LAW.—*Affidavit.—Motion to Quash.—Amendment Before Ruling on Motion.*—Where a motion to quash an affidavit had been made, and before ruling on the motion, the prosecuting attorney requested leave to amend, the refusal of such request was error.  p. 439.

3. CRIMINAL LAW.—*Quashing Affidavit.—Refusal of Leave to File New Affidavit.*—After sustaining a motion to quash an affidavit, it was error for the court to refuse the prosecuting attorney permission to file a new affidavit.  p. 439.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Prosecution by the State of Indiana against Isaac C. Anderson and others. From a judgment of acquittal, the State appeals. *Reversed.*

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MONKS, J.—Section 2280 Burns 1908, Acts 1905 p. 584, makes it a misdemeanor for any one who "being about to enter unlawfully upon the enclosed or unenclosed land of another, shall be forbidden so to do by the owner, or occupant, or his agent or servant, * * * and shall thereafter enter upon such land," etc.

Appellees were prosecuted before a justice of the peace for trespass under said section, and were convicted. They appealed to the court below, where their motion to quash the affidavit was sustained by the court, and final judgment was rendered in their favor. The State insists that the court erred in sustaining said motion to quash.

No brief has been filed on behalf of appellees, but we are informed by the brief of the Attorney-General that the motion to quash the affidavit was sustained by the court, on the ground that the land was not sufficiently described.

The land is described in the affidavit as being in Knox county, Indiana, and as the "land known as the Sandborn Children's Park, of which these affiants," Lawrence Koeder, Nelson Carrol and James A. Waggoner, "are the occupants and trustees." This was a sufficient description of the land. *State* v. *Burns* (1890), 123 Ind. 427, 24 N. E. 154; *Winlock* v. *State* (1890), 121 Ind. 531, 23 N. E. 514; *State* v. *Young* (1899), 21 Ind. App. 546, 52 N. E. 760; *State* v. *Smith* (1893), 7 Ind. App. 166, 34 N. E. 127; *State* v. *Murphy* (1893), 7 Ind. App. 44, 34 N. E. 248; *Ostler* v. *State* (1891), 3 Ind. App. 122, 124, 29 N. E. 270; *State* v. *Bridgewater* (1908), 171 Ind. 1, 5, 85 N. E. 715.

After the motion to quash was made by appellees, and before it was ruled on by the court, the prosecuting attorney asked leave to file an amended affidavit, to the granting of which appellees objected. The court sustained said objection, and denied the request of the prosecuting attorney to amend said affidavit, to which ruling of the court the prosecuting attorney excepted. The court erred in refusing said permission to amend said affidavit. §2043 Burns 1908, Acts 1905 p. 584, §172; *State* v. *Simpson* (1906), 166 Ind. 211, 76 N. E. 544, 1005.

The court said in the case just cited on page 214: "Such amendments are expressly authorized as a matter of right at any time before the defendant pleads, and upon being made the affidavit must be sworn to. §1804 Burns 1901, §1735 R. S. 1881. The making of such amendments in this case did not operate to terminate the prosecution and discharge the defendants from custody. The quashing of an affidavit and information or an indictment does not *ipso facto* terminate a prosecution, but the court is required in such event to hold the defendant upon his recognizance, unless it should be 'of the opinion that the objection cannot be avoided by a new indictment or by a new amended information and affidavit.' §1829 Burns 1901, §1760 R. S. 1881."

After the court had sustained appellees' motion to quash said affidavit, the prosecuting attorney asked leave to file a new affidavit against said appellees, to which they, by their attorneys, objected. The court sustained said objection, to which ruling and action of the court appellant, by its prosecuting attorney, excepted, and the court ordered appellees "discharged from custody, and their bail released."

The court erred in refusing the prosecuting attorney permission to file said affidavit. §2066 Burns 1908, Acts 1905 p. 584, §195; *State* v. *Simpson, supra.*

Judgment reversed, with instructions to overrule appel-

lees' motion to quash the affidavit, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 289. See, also, under (1) 38 Cyc. 1184, 1186; (2) 12 Cyc. 296, 326, 341; 22 Cyc. 439; (3) 12 Cyc. 296.