[No. 1674, January 12, 1915.]
[On Rehearing Feb. 10, 1915. Rehearing Denied Feb. 20, 1915.]
STATE v. LUCERO.

## SYLLABUS BY THE COURT.

1. An indictment, based on the last clause of section 39, art. 4, of the state Constitution, which provides that any member of the Legislature who shall solicit from any person or corporation money, thing of value, or personal advantage, for his vote or influence as such member, shall be deemed guilty of solicitation of bribery, need not allege that the matter was pending in either House of the Legislature, as this portion of the section is designed to denominate as a crime the solicitation of money, thing of value, or personal advantage, by a member of the Legislature, as such, in return for the vote or influence of such member, upon any matter which he anticipates might be brought before the Legislature for consideration.

P. 59

2. Where the meaning of an indictment, when read as a whole, is clear, and conveys to the defendant full information as to the charge which he is called upon to meet, and sets forth sufficient facts to enable him to plead a judgment rendered on such indictment in bar of a subsequent prosecution for the same offense, it will be held good on demurrer, notwithstanding the fact that it may be technically inaccurate. Held, that where the charging part of an indictment alleged that the Legislature had before it for consideration the election of two United States Senators, and that the accused solicited a bribe as a member of the Legislature, of a stated amount of money from one, naming him, in exchange for his vote and influence as such member, and that he then and there promised and agreed to vote, etc., as he might be directed by such party, etc., the indictment is sufficient to withstand a demurrer, as that portion of the charge following the words "then and there" was descriptive of the solicitation, and the indictment, when read as a whole, fully informed the accused of the exact charge which he was called upon to meet.

P. 61

3. Section 15, c. 22, Sess. Laws 1909, prohibits any one except the district attorney, Attorney General, or their assistants, from assisting in the prosecution of criminal causes, except such associate counsel as may appear on order of the court, with the consent of the district attorney. Where the record shows that private counsel appeared with leave of court, and the district attorney not objecting, and that the district attorney was present and participated in the trial, it will be presumed that the appearance of private counsel was with- the consent of the district attorney. Where the district attorney does not consent to the appearance of private counsel, he should object to such participation.

P. 65

Appeal from District Court, Santa Fé County; E. C. Abbott, Judge.

José P. Lucero was convicted of solicitation of bribery, and appeals. Affirmed.

EDWARD P. DAVIES, of Santa Fé, for appellant.

The indictment is defective. There is no charge that the money was "solicited, taken or received" for the vote of appellant on any matter or thing pending or in any manner before the legislature for its consideration. An indictment cannot be aided by intendment nor is it safe to indulge in speculation as to what may have been in the mind of the pleader.

Assuming that the indictment follows the language of the statute it is insufficient.

People v. Lee, 40 Pac. (Cal.) 754; People v. Shaber, 32 Cal. 36; People v. Ward, 42 Pac. (Cal.) 894; 22 Cyc. 326, and notes 74 to 78, incl.

Sec. 15, c. 22, Laws 1909, expressly prohibits anyone, except the District Attorney, his deputies or the Attorney General or his assistants, and such assistant counsel

State v. Lucero, 20 N. M. 55

as may appear on order of the court with the consent of the District Attorney or Attorney General, from representing the State.

Secs. 25, 76, C. L. 1897; p. 76, Laws 1905; Laws 1907, p. 45; Meister v. People, 31 Mass. 99.

IRA L. GRIMSHAW, Assistant Attorney General, for the State.

Appellant, without warrant or justification, divides the indictment into two parts for the purpose of testing its sufficiency. The indictment states facts sufficient to apprize accused of the charge he must meet, to prepare his defense and plead former conviction or acquittal.

Territory v. McGrath, 16 N. M. 202, 206.

The District Attorney appeared in the case and assisted in its prosecution. He made no objection to the participation of private counsel, which conclusively shows that the District Attorney consented to private counsel taking part in the case. That satisfies the statute.

Brief of appellant on re-hearing.

The indictment is defective, because it does not appear wherein the vote of appellant was to be cast. The indictment does not recite that the vote to be cast was in connection with a legislative matter. Nothing can be charged by implication or intendment.

22 Cyc. 293, and authorities cited; Joyce on Indictments, sec. 246, p. 266; U. S. v. Hoss, 148 U. S. 197; U. S. v. Pest, 113 Fed. 852; Territory v. Cortez, 15 N. M. 94; U. S. v. Medina, 15 N. M. 304.

Defects of substance are not cured by verdict.
22 Cyc. 435, and authorities cited.

A demurrer is not waived by pleading over.
22 Cyc. 484, and authorities cited.

The words of the statute must fully and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense, and ingredients which do not enter into the statutory definition must be added. 22 Cyc. 341, and authorities cited.

### OPINION BY THE COURT.

ROBERTS, C. J.—Appellant was tried and convicted in the district court of Santa Fé county, on the first count of an indictment returned by the grand jury, which, omitting the formal parts, reads as follows:

> "That José P. Lucero, * * * on the eighteenth day of March (1912), * * * then and there being a duly elected, qualified and acting member of the First State Legislature of the state of New Mexico, * * * and while the said First State Legislature was holding its first session under the provisions of the Constitution of the state of New Mexico, and then and there having before it, among other things, for its deliberation and consideration, the election of two Senators of the United States in Congress for the state of New Mexico, then and there, unlawfully, feloniously and corruptly did solicit, take and receive of and from one Elfego Baca five hundred dollars * * * for the vote and influence of him, the said José P. Lucero as a member of the First State Legislature, and the said José P. Lucero then and there promised and agreed to and with the said Elfego Baca to vote and use the influence of him, the said José P. Lucero, as a member of the said First State Legislature in the matter of the election of two Senators of the United States," etc.

This count of the indictment was drawn under section 39 of article 4 of the state Constitution, which reads as follows:

> "Any member of the Legislature who shall vote or use his influence for or against any matter pending in either House in consideration of

any money, thing of value, or promise thereof, shall be deemed guilty of bribery; and any member of the Legislature or other person who shall directly or indirectly offer, give or promise any money, thing of value, privilege or personal advantage, to any member of the Legislature to influence him to vote or work for or against any matter pending in either House; or any member of the Legislature who shall solicit from any person or corporation any money, thing of value or personal advantage for his vote or influence as such member shall be deemed guilty of solicitation of bribery."

It is apparent, from a reading of the indictment, and the constitutional provision under which it is drawn, that it is based upon the last clause of the section, which provides that:

"Any member of the Legislature who shall solicit from any person or corporation any money, thing of value or personal advantage for his vote or influence as such member shall be deemed guilty of solicitation of bribery."

[1] Appellant contends that the indictment fails to charge facts sufficient to constitute an offense under the laws of the state, for two reasons: First, it is not alleged that the $500 was "solicited, taken, or received" by defendant for his vote or influence upon any matter or thing pending or in any manner before said Legislature for its consideration; and, second, that the indictment does not charge that the money was solicited in return for the vote of the legislator for two United States Senators. In other words, the indictment, after alleging that appellant solicited the sum of $500 from Elfego Baca for his vote and influence as a member of the Legislature proceeds "and the said José P. Lucero, then and there promised and agreed, etc." Appellant contends that the words "then and there" simply refer to the time and place, and do not connect up the solicitation with the words of the indictment which follow such words, describ-

ing what he agreed to do in consideration of such money so solicited.

As to the first ground of attack, we are of opinion that it is not necessary to allege that the matter was pending, or before the Legislature for its consideration. This is clearly apparent when the phraseology of the entire section is considered. Under the first clause of the section, the matter must be "pending" in "either House of the Legislature," and of course an indictment framed under this portion of the section would be defective if it failed to allege such fact. And the same is true under the second clause, as the words "a matter pending in either House" are again employed. But under the last clause, under which this count of the indictment was framed, these words are omitted, and the crime is committed where a member of the Legislature solicits money, etc.. "for his vote and influence as such member." It is thus made evident that it was the intention to denominate as a crime every solicitation of money, thing of value, or personal advantage by a member of the Legislature, for his vote and influence as such member, on any matter or thing which the parties anticipated might come before the Legislature for consideration. In other words, it was the intention to make it a criminal offense for a legislator to ask for money or reward because of his official position, with the design or object of influencing his official action as to any matter that might be before the Legislature for consideration, or that might come before that body. It is a sweeping provision, having for its object the punishment of legislators who might solicit money in exchange for their vote or influence, upon any matter, either before the Legislature for consideration, or which might come before that body for action. A legislator is elected in November, and qualifies in January. Suppose he has reason to think that legislation in which B. might be interested will come before the Legislature for action. He goes to B. and solicits money or thing of value or personal advantage and offers to vote as B. might direct as to all matters which might affect B., or in which he was interested, or he agrees that he will use his influence to

discourage all such legislation; under this clause he would be guilty of solicitation of bribery, even though the contemplated matters never came before the Legislature for consideration. This being true, the indictment was not subject to attack on this ground.

[2] The second objection urged is more serious, and, tested by the technical rule of pleading which at one time prevailed in criminal cases, would probabaly be held insufficient. At the common law, in certain descriptions of offenses, great nicety and particularity were often necessary, especially in capital cases.

> "The rules which regulate this branch of pleading were sometimes founded in considerations which no longer exist, either in our own or in English jurisprudence." United States v. Gooding, 12 Wheat. 460, 6 L. Ed. 693.

The tendency of courts in modern times is to brush aside technicalities in pleading, and to uphold indictments where the facts are alleged with sufficient certainty to apprise the accused of the specific charge which he is called upon to meet, and to enable him to plead the judgment in bar of a second prosecution for the same offense. The ordinary man, reading this indictment, would at once conclude, without hesitation, that appellant solicited a bribe in the matter of the election of two United States Senators. He would not engage in hairsplitting niceties as to whether "then and there" referred only to the time and place of the offer to give his vote, as directed, on the senatorship, but would conclude that all the charging part of the indictment was to be read together, and, when so read, he would understand that appellant solicited the money in return for his vote and influence in the matter of the election of United States Senators, which was to come before the Legislature for consideration. It is true, of course, that the words "then and there," when used in an indictment, refer to the time and place thereinbefore alleged, and indicate that the fact thereafter set forth was coexistent with the time and place theretofore alleged, and perfect pleading would require proper allegations connecting up the fact that the proposed agreement was

in consideration of the money asked; still we believe the
indictment, when read as a whole, sufficiently apprised
the accused of the fact that he was charged with solicit-
ing the money in consideration of his vote and influence
in the matter of the election of the Senators. The charg-
ing part of the indictment alleged that the Legislature
had before it for consideration the election of United
States Senators, and that the accused solicited the bribe
from Baca, as a member of the Legislature, in exchange
for his vote and influence, and that he then and there,
coexistent with the solicitation, promised and agreed, etc.
That portion of the charge following the words "then and
there" was descriptive of the solicitation, and was de-
signed to inform the accused of the exact charge which he
would be called upon to meet and to particularize the of-
fense. In other words, to individuate the offense. If it
was sufficiently definite and certain to advise the accused
of the charge he would be called upon to meet, so that he
could could prepare his defense, and to enable him to
plead the judgment in bar of a second prosecution for the
same offense, the requirements of the rules of criminal
pleading are satisfied. That it advised the defendant of
the nature and character of the charge against him, and
just what he would be called upon to meet, cannot be
doubted, when the indictment is read as a whole, and a
sensible construction is given to the meaning of the lan-
guage used. That he could plead the judgment in bar
of a second prosecution for the same offense is likewise
true.

> "It is not the law that an indictment shall be
> so distinct and minute in its description of the
> offense or offender as to constitute without parol
> proof a bar to a second prosecution for the same
> offense. The identity of the two accusations
> may always be shown by parol. Bishop, Crim.
> Proc. § 544." State v. Smith, 7 Ind. App. 166,
> 34 N. E. 127.

That Lucero solicited the money from Baca, for his
vote and influence as a member of the Legislature, were
the vital elements of the offense. These acts are charged

State v. Lucero, 20 N. M. 55

distinctly and unequivocally. That he solicited the money for his vote and influence in the matter of the election of two United States Senators was merely incidental to or descriptive of the main fact, and it was only necessary to allege this incidental matter in the indictment with that degree of particularity which carried knowledge of the offense to the accused and barred a future prosecution. State v. Allen, 12 Ind. App. 528, 40 N. E. 705.

Centuries ago, in England, when innumerable crimes were punishable by death, we can readily understand why courts were prone to seize upon trifling defects in an indictment or information as an excuse for quashing the same. This, and a further desire on the part of the courts to protect the subject again the tyranny of the king, doubtless gave rise to the ancient rule, still adhered to by some of the courts, of requiring such a strict rule of criminal pleading as to amount to, in this day and age of the world, an absurdity. More than a century ago we find the English courts departing from this strict rule. In the case of King v. Stevens, 5 East, 244, decided in 1804, Lord Ellenborough, in speaking of the construction to be given the word "until" used in an indictment, said:

"And if, where the sense may be ambiguous, it is sufficiently marked by the context, or other means, in what sense they are intended to be used; no objection can be made on the ground of reptignancy, which only exists where a sense is annexed to words which is either absolutely inconsistent therewith, or, being apparently so, is not accompanied by anything to explain or define them. If the sense be clear, nice exceptions ought not to be regarded. In respect of which Lord Hale says that: 'More offenders escape by the over easy ear given to exceptions in indictments than by their own innocence, and many heinous and crying offenses escape by these unseemly niceties, to the reproach of the law, to the shame of the government, and to the encouragement of villainy and the dishonor of God.' Upon the whole, it appears to us that the word

> 'until' is capable in this case of receiving an inclusive meaning; and that not only the presumed intention of consistency on the part of the framer of the information requires that the word should be thus understood, but that the context immediately connected with the words 'whilst' and 'as aforesaid' warrant us in adopting this meaning of it."

Construing the language used in the indictment in this case, by this rule, applied by the courts of England in 1804, we must hold the same sufficient.

In the case of People v. Lohman, 2 Barb. 216, the Supreme Court of New York said:

> "The strictness with which indictments were formerly construed has been considerably relaxed; and it is right that it should be so, while the substantial rights of the accused are preserved. The natural leaning of the mind, observes Lord Kenyon (1 East. 314), is in favor of prisoners; and in the mild manner in which the laws of this country are administered it has been a subject of complaint, with some, that the judges have given way too easily to formal objections in behalf of prisoners. * * * Chitty also remarks (1 Ch. Cr. L. 171) that in criminal cases, where the public security is so deeply interested in the prompt execution of justice, it seems the minor consideration should give way to the greater, and technical objections be overlooked, rather than that the ends of society should be defeated."

> "If the sense be clear, nice exceptions ought not to be regarded. And even when the sense of the word may be ambiguous, this will not be fatal, if it is sufficiently shown by the context in what sense the phrase or word was intended to be used." State v. Halida, 28 W. Va. 499.

The context of this indictment plainly shows that the words following the phrase "then and there" refer to the solicitation of the money, and were intended to particularize the transaction therein before described.

The words of Justice Holmes, in the case of Paraiso v. United States, 207 U. S. 368, 28 Sup. Ct. 127, 52 L. Ed. 249, are very pertinent here. He said:

"The Bill of Rights for the Philippines, giving the accused the right to demand the nature and cause of the accusation against him, does not fasten forever upon those islands the inability of the seventeenth century common law to understand or accept a pleading that did not exclude every misinterpretation capable of occurring to intelligence fired with a desire to pervert."

In this case the record clearly established the guilt of the accused. In fact, on this appeal, no question is raised as to the sufficiency of the evidence to sustain the conviction, nor is any error predicated upon the admission or the exclusion of evidence or any of the instructions given by the court. The appellant had a fair and impartial trial, and we are not inclined to set aside the judgment because of the technical objections urged against the form of the indictment, when, as we have seen, it fully informed him of the exact charge which he was called upon to meet. For the reason stated, we hold that the indictment was sufficient to withstand the demurrer on the grounds stated.

[3] One other ground of error is assigned, viz., that the court erred in permitting private counsel to assist in the prosecution of the cause. The record shows the following in this regard:

"Comes now E. R. Wright, Esq., and with leave of the court had and obtained, and the district attorney not objecting, enters his appearance as special prosecutor on behalf of the state in the above-entitled cause."

Section 15, c. 22, S. L. 1909, prohibits any one except the district attorney, Attorney General, or their assistants, from assisting in the prosecution of criminal causes,

except such associate counsel as may appear on order of the court, with the consent of the district attorney.

The record shows that the district attorney appeared in the cause and participated in the trial, and it fails to show that he made any objections whatever to the appearance of private counsel.

The fact that the district attorney was present when the appearance of private counsel was entered, and that he made no objection to such appearance and participation, and the further fact that the district attorney participated in the case with the special prosecutor, conclusively shows that the participation of private counsel in the case was with the consent of the district attorney. By not objecting to the appearance of private counsel, the district attorney impliedly consented to his participation in the case at bar; and the statute therefore was satisfied.

Finding no available error in the record, the judgment of the trial court will be affirmed, and it is so ordered.

HANNA, J., concurs.

PARKER, J. (concurring)—This decision means that there is a lack of allegation in the indictment, of which the defendant took advantage at the first opportunity by demurrer; that the lack of allegation is in regard, not to the essentials of the crime, but to the facts which identify the instance, in this, that he is charged with solicitation of a bribe in the language of the Constitution, but is not charged, except inferentially and by construction, with soliciting a bribe in the matter of the election of the United States Senators; that defendant was in fact advised of the identity of the offense by the defective indictment, and met the issue by proofs on the trial; that the judgment fully protects the defendant against further prosecution for the same offense; and that the defendant was in no way harmed by the possibly erroneous action of the court in overruling his demurrer to the indictment, either in conducting his defense, or in depriving him of the right to plead his present jeopardy in bar of future prosecution. Under such circumstances, I concur in the result reached.