Nov. Term,
1829.

GORDON
v.
SPENCER.

GORDON *v.* SPENCER.

If the continuance of a cause be applied for, on the ground that a witness who had been
subpœnaed does not attend, the return of the sheriff must be produced.

An affidavit for a continuance, on account of the absence of witnesses, must clearly
show their materiality.

A plaintiff in slander, having first proved that the defendant had spoken to third persons
the words laid in the declaration, may prove, in support of the declaration, that the
defendant had spoken the same words in answer to the plaintiff's interrogatories.

*Saturday,*
*November 7.*

APPEAL from the *Franklin* Circuit Court.

HOLMAN, J.—*Alma Spencer* obtained a verdict and judgment
against *James Gordon* in an action of slander.    During the pro-
gress of the cause the defendant, now the appellant, took two
bills of exceptions, and has appealed to this Court for a reversal
of the judgment.

The first bill of exceptions states, that the defendant applied
to the Circuit Court for a continuance of the cause, on account
of the absence of four witnesses; stating in an affidavit that one
of them, who resided in this state, had been subpœnaed in his
behalf, as he was informed by the sheriff; that the other three
lived in the state of *Ohio*, *Butler* county; that he expected to
be able to procure their testimony by the next term of that
Court, either by deposition or otherwise, and support the mat-
ters alleged in his plea of defence, and prove the bad charac-
ter of the said *Alma Spencer*, if this cause should be continued;
and that he knew of no other persons by whom he could prove
the same facts.    To counteract the effect of this affidavit, the
plaintiff introduced the affidavit of a third person, which was
received and read by the Circuit Court.    The Circuit Court,
on hearing these affidavits, refused to continue the cause.    We
deem it unnecessary to notice the counter affidavit introduced
by the plaintiff, inasmuch as we are of opinion that the defen-
dant's affidavit does not show, conclusively, that the Circuit
Court transcended the bounds of a legal discretion in refusing
a continuance of the cause.    Without minutely criticising this
affidavit, we see two points of uncertainty in it.    The first is as
to the summoning of the resident witness.    The sheriff's infor-
mation was not the best evidence in this matter to which the

defendant might have referred. The sheriff's official return to the subpœna was preferable. The second is, that the defendant does not state conclusively, that he expects to prove any thing by any of these witnesses; but that, if the cause should be continued, he expected to procure their testimony either by deposition or otherwise, and support the matters alleged in his plea, and prove the bad character of the plaintiff. Passing the vagueness of what he expected to prove, he does not say, positively, that he expected to prove this, by these witnesses or any of them; nor will the statement that he knew of no other persons by whom he could prove the same facts, entirely remove this uncertainty. When an application is made to this Court to reverse a judgment, on account of an abuse of legal discretion by the Circuit Court, a case must be made out that shows, unequivocally, that the Circuit Court has abused its discretionary powers. So that we cannot say that the Circuit Court erred in refusing a continuance (1).

The second bill of exceptions is as follows: "The plaintiff offered in evidence to the jury words spoken by the defendant on interrogatories (of the plaintiff,) to support the words laid in the declaration, (the words as set out in the declaration being proved by other witnesses;) to the admission of which, as evidence to the jury to support the words laid in the declaration, the defendant by his counsel objects, and moves the Court to charge the jury, that words spoken by the defendant of the plaintiff, on interrogatories, could not be received as evidence to support the words laid in the declaration; which said objection and motion of the defendant were, by the Court, overruled, and the evidence aforesaid was permitted to go to the jury, in support of the words charged in the declaration; to which decision and judgment of the Court, the defendant by his counsel excepts." The appellant by his counsel contends with much earnestness, that the Circuit Court erred in the admission of this testimony. He relies, in support of this position, principally, on the cases of *King* v. *Waring*, 5 Esp. R. 13, and *Smith* v. *Wood*, 3 Campb. 323. In *King* v. *Waring*, Lord *Alvanley* decided, that "though a letter giving a false character of a servant might be the ground of an action, yet if written as an answer to a letter sent, not with a view of obtaining a character, but with an intention to procure an answer, upon which to ground

Nov. Term,
1829.

GORDON
v.
SPENCER.

an action for a libel, such evidence ought not to be admitted."
In *Smith* v. *Wood*, which was an action for a libel upon the
plaintiff in the shape of a caricature print, entitled "The inside
of a parish work-house with all abuses reformed," a witness
stated that, having heard the defendant had a copy of this print,
he went to his house and requested liberty to see it; and that
the defendant thereupon produced it, and pointed out the figure
of the plaintiff and the other persons it ridiculed.   Lord *Ellen-
borough* ruled, that this was not sufficient evidence of publica-
tion to support the action.   Starkie, in his treatise on evidence,
annexes a quære to this case; because it does not appear that
the witness had been sent by the plaintiff.   2 Stark. Ev. 877.
These cases, together with some insinuations in the case of *Ro-
gers* v. *Clifton*, 3 Bos. & Pull. 587, though less strong than the
foregoing, may be considered as supporting the doctrine laid
down in Starkie on Slander, 169, and 2 Stark. Ev. 876, viz.
that where the plaintiff, knowing the defendant's sentiments,
procures the publication for the purposes of the action, he can-
not afterwards be heard to complain of that as an injury, which
he has voluntarily occasioned.

Taking this to be the law upon this subject, still we are of
opinion that the bill of exceptions does not show, that the Cir-
cuit Court erred in the admission of this testimony, or in the
refusal of these instructions.   If the plaintiff, hearing that the
defendant had uttered the slander to others, should inquire of
the defendant as to the truth of the report, and the defendant
should repeat the slander, the fact that he spoke the slanderous
words in answer to the plaintiff's interrogatories in the last in-
stance, would not destroy the plaintiff's right of action.   And
after the plaintiff had proved the first speaking of the words,
we know of no rule that would prevent him from proving, that
the same words were afterwards repeated in answer to his in-
terrogatories.   In this case, the words laid in the declaration
were first proved, (says the bill of exceptions,) by other witness-
es, before the evidence relative to the words spoken in answer
to interrogatories was introduced; and there is not enough in
the bill of exceptions to show, that the evidence objected to
was inadmissible.   To make this a case, in which we could de-
termine as to the admissibility of the words spoken in answer
to interrogatories, it should appear what the interrogatories

were, what induced them, what the words thus spoken were, and how far they varied the case from what it would otherwise have been.   The refusal of the Circuit Court to give the instructions required, amounts to no more than the admission of the testimony, and its correctness can only be tested by the precise state of the case.   We have seen neither principle nor precedent, that would authorise us to say, in general terms, that words spoken by a defendant in answer to interrogatories of a plaintiff, can in no case be given in evidence to support the words laid in the declaration, where the words laid in the declaration, have been previously proved by other witnesses.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Wick, Morris, Starr,* and *Caswell,* for the appellant.
*M'Kinney* and *Smith,* for the appellee.

(1) The principal facts, expected to be proved by the absent witness, must be stated in the affidavit, in order that the Court may judge of the materiality of the witness. Stat. 1833, p. 115.