4   200
144  295
———
4(b)200
156  583

DETRO *v.* THE STATE.

A motion for a continuance, based upon an affidavit of the 'party, is addressed to the sound discretion of the Court trying the cause; and the propriety of granting or refusing it must depend, to a great extent, on the peculiar circumstances of each case. From the very nature of the case, the Court trying a cause—witnessing all the proceedings, and being from personal observation familiar with all the attendant circumstances—has the best opportunity of forming a correct opinion upon the case presented.

The general principles relative to the granting of continuances are well and clearly defined, but, of necessity, there is a considerable latitude of discretion left to be exercised by the Court, and, if no general principle has been violated, the presumption will be in favor of the action of the Court.

The Circuit Court, so far as it is vested with discretionary powers, will be presumed to have exercised them properly, until the contrary is shown; and, though its decision will be subject to revision, yet it will be presumed to have been in accordance with the justice and merits of the case, unless the party complaining shows unequivocally that the Court has been guilty of an abuse of such discretionary powers, and that his rights have thereby been injuriously affected.

The defendant, indicted for larceny in the *Wells* Circuit Court, applied for a continuance upon his affidavit stating that he could prove by one *A.*, a resident of *Miami* county, *Ohio*, that at the time the property mentioned in the indictment was *alleged* to have been stolen, the defendant was in the town of *Greenville*, and in the neighborhood, in *Darke* county, *Ohio*, and further, that said *A.* could prove his entire innocence of the charge, &c. *Held*, that the affidavit was defective for confining the *alibi* to the day alleged in the indictment. *Held*, also, that the general allegation that the defendant could prove his innocence by the absent witness, was immaterial. *Held*, also, that the refusal of the continuance was not erroneous.

After verdict against the defendant, he made a motion for a new trial, on the ground of the refusal of the Court to grant the continuance upon said affidavit. The Court overruled the motion. The evidence in the cause was not set out in the record. *Held*, that it must be presumed that the evidence did not disclose that the larceny was committed on the day *alleged* in the indictment and that no cause for a new trial was made by the evidence.

May Term, 1853.

DETRO
v.
THE STATE.

APPEAL from the *Wells* Circuit Court.

Thursday, June 2..

ROACHE, J.—This was an indictment for larceny against *Detro* and one *David Brown*. Plea, not guilty. There was a trial, and verdict of guilty. Motion for a new trial overruled, and judgment on the verdict.

*Detro* alone appeals.

The only error assigned is, that the Court below improperly refused to continue the case upon sufficient cause shown by an affidavit.

The material allegations of the affidavit are, that the defendant could prove by one *David Jones*, a resident of *Miami* county, *Ohio*, "that at the time said property in said indictment is *alleged* to have been stolen, this defendant was in the town of *Greenville*, and in the neighbor-

hood, in *Darke* county, *Ohio;* and further, that by said *Jones* he can prove his entire innocence of said charge," &c.; "that the indictment was found at the present term of this Court, and this defendant has not had any opportunity of procuring testimony," &c.; "and that he would be able to procure said testimony by the next term of the Court," &c.

On the return of the verdict, the defendant moved for a new trial, assigning as a cause, among others, the refusal to grant him a continuance upon his affidavit. This being the sole error complained of here, is the only question for our consideration.

The motion for a continuance, based upon an affidavit of the party, is addressed to the sound discretion of the Court trying the cause; and the propriety of granting or refusing it must depend, to a great extent, on the peculiar circumstances of each case. From the very nature of the case, the Court trying a cause, witnessing all the proceedings, and being from personal observation familiar with all the attendant circumstances, has the best opportunity of forming a correct opinion upon the case presented. The general principles relative to the granting of continuances, are well and clearly defined; but of necessity there is a considerable latitude of discretion left to be exercised by the Court, and if no general principle has been violated, the presumption will be in favor of the action of the Court.

In so far as they are vested with discretionary powers, they will be presumed to have been properly exercised, until the contrary is shown. All their decisions are, it is true, subject to revision; but, in all such cases, the ruling of the Circuit Court will be presumed to have been in accordance with the justice and merits of the case, unless the party complaining shows unequivocally that the Court has been guilty of an abuse of its discretionary powers, and that his rights have been injuriously affected by such abuse. *Gordon* v. *Spencer*, 2 Blackf. 286.

The affidavit does not present such a case. The day alleged in the indictment is immaterial. It is sufficient

on the trial to prove the commission of the crime on another and different day.

If on the trial it had appeared in proof that the crime was committed on a day different and sufficiently distant from that alleged in the indictment, this evidence of *Jones* could have been of no service to the defendant, for it would not have tended to establish his innocence. The affidavit is clearly defective for confining the *alibi* to the day alleged in the indictment.

On the motion for a new trial, the defendant again brought up the question and insisted upon the error in refusing to grant a new trial, as a good cause. He then had again the full benefit of his motion, after the evidence in the cause had all been heard, and while it must have still been fresh in the mind of the Court. If the evidence had been that the larceny was committed on the day alleged in the indictment, and therefore at the time the defendant's affidavit alleged that he was in *Ohio*, the Court would have seen the materiality of the testimony of the absent witness, and should have granted a new trial.

But the evidence is not set out in the record, and we are therefore only left to presume, in favor of the action of the Court below, that no such cause for a new trial was made by the evidence.

The general allegation that the defendant could prove his innocence by the absent witness, is immaterial. He must state the facts he expects to be able to prove, in order to enable the Court to judge whether they tend to establish his innocence. He must not state conclusions.

The fact that the defendant was put on his trial at the same term at which the indictment was found, is a circumstance which ought to be allowed its full weight in determining the application for a continuance. But in order to show that he would be injured by being hurried into trial upon the return of the indictment, he must inform the Court by his affidavit of the existence of facts material to his defence, which he can prove by absent witnesses. In the absence of an affidavit showing that

by a reasonable delay he would be able to procure testimony of facts which tend to establish his innocence, it is not to be supposed he would be prejudiced by being put on his trial at once.

*Per Curiam.*—The judgment is affirmed with costs.

*J. R. Slack*, for the appellant.

*R. A. Riley*, for the state.