HUBBARD *v.* THE STATE.

HUBBARD
v.
THE STATE.

Motions for the continuance of causes are founded upon *ex parte* affidavits, made by the party or his agent, which, for the purposes of the action, are taken as true, and against which no counter affidavits can be received.

The time at which an indictment alleges a crime to have been committed, is immaterial, except where the indictment may be barred by lapse of time, in which case a time must be stated within the period of limitation, and except where time forms an essential ingredient of the offence.

Application for a continuance by a prisoner indicted for murder. The affidavit showed that the prisoner desired the continuance to procure the testimony of witnesses to prove that after the time the crime was "imputed" to have been committed by him, the person alleged to have been murdered was seen in another county, &c.

*Held,* that the word "imputed" must be supposed to refer to the time specified in the indictment, and that, therefore, the affidavit was properly held to have been insufficient.

*Held,* also, that to have made the time material, the prisoner's affidavit should have stated that he apprehended the state would attempt to prove that the person alleged to have been murdered was killed before the day on which he proposed to prove him alive by the absent witnesses.

In an affidavit for a continuance to procure testimony, it is not sufficient to aver that the testimony sought will be material; but facts must be stated showing the connection between the testimony sought and the case to be tried.

In support of the prisoner's affidavit for a continuance, one of his counsel filed his affidavit stating, in substance, that he had been assigned as counsel for the prisoner after the return of the indictment; that he had given all diligence to the preparation for a trial since his appointment that was consistent with other pressing engagements in Court, his own feeble health and the inconvenience of consulting with the defendant while in prison, and with other counsel associated with him in the defence; that the prisoner was not yet ready to proceed to a trial, owing to the short time allowed to prepare for it, (the indictment having been found at that term,) and to a disappointment in procuring the aid of other counsel from a distance, whose attendance had been expected, but who had not arrived. *Held,* that the affidavit was not adapted to the motion to continue, but might have been appropriate to a motion to postpone the trial to a later day of the term.

An application for a change of venue, in a criminal cause, on account of excitement or prejudice against the prisoner, is, by the R. S. 1852, addressed to the discretion of the Court.

APPEAL from the *Wabash* Circuit Court.

GOOKINS, J.—*Hubbard* and his wife were indicted in the *Wabash* Circuit Court, for the murder of *French. Hubbard* was tried separately, and convicted of murder in the first degree, and adjudged to suffer death. Motions were made, at the proper time, for a new trial, and in arrest of judg-

ment, which were overruled, and to reverse the judgment <span>Nov. Term, 1855.</span>
he prosecutes this appeal.

The errors relied on in this Court are, that the Circuit <span>HUBBARD v. THE STATE.</span>
Court refused a proper application for a continuance of the
cause, and the refusal of that Court to change the venue,
upon the prisoner's affidavit of excitement and prejudice
against him in the county of *Wabash*.

In support of the motion for a continuance, the prisoner
made his own affidavit, stating, among other things, that
*William King* and *Michael O'Brien*, who, as he was in-
formed and believed, resided at *Indianapolis*, in *Marion*
county, were material and necessary witnesses for his de-
fence, without whose testimony he could not safely go to
trial. In showing the materiality of their testimony, the
affidavit stated that the crime with which he was charged,
was committed, as was imputed, on the evening of *Satur-
day*, the 9th day of *October*, 1854; that he could prove by
*King*, as said *King* had informed him, and by *O'Brien*, as
he had been informed by others, that the deceased and his
family had been seen at *Peru*, in *Miami* county, on the
evening of *Sunday*, the 10th day of *October* of said year;
that on *Monday* succeeding they were seen alive near *Peru;*
that he believed the facts he expected so to prove to be
true. The affidavit further stated, that the deponent had
been informed by said *King*, (which he believed to be true,)
that there were other persons present at *Peru*, at the same
time, who knew *French*, and of his being there alive, but
whose names were unknown to him, and which he could
learn only by a conference with or information from *King*,
who would, when known, be necessary and material wit-
nesses for him on the trial; that the indictment had been
found at that term; that as soon thereafter as he could
have a conference with his counsel, he had caused a sub-
pœna to be sent to the sheriff of *Marion* county for said
witnesses, which had not been returned, and that they
were not in attendance. The affidavit set forth, as other
grounds of continuance, the absence of divers witnesses in
*La Grange* county, and in *Ohio* and *New-York*, but the
effect of those statements was obviated by an admission

on the part of the prosecution of the truth of the matters which it was alleged could be proved by them. The formal parts of the affidavit complied with the requirements of the statute.

The issuing of the subpœnas, as stated in the prisoner's affidavit, was proved by the deputy clerk, and the motion was further supported by the affidavit of *John U. Pettit*, esq., one of the prisoner's counsel, which stated, in substance, that he had been assigned as counsel for the defence after the return of the indictment; that he had given all diligence to the preparation for a trial of the cause since such appointment that was consistent with other pressing engagements in Court, his own feeble health, and the inconvenience of consulting with the defendant while in prison, and with other counsel associated with him in the defence; that the prisoner was not yet ready to proceed to a trial, owing to the short time allowed to prepare for it, and to a disappointment in procuring the aid of other counsel from a distance, whose attendance had been expected, but who had not arrived.

There are some mistakes in the affidavit of the prisoner in reference to dates. It states that it is imputed that the murder was committed on the 9th of *October*, and designates *Saturday*, *Sunday* and *Monday*, as the 9th, 10th and 11th days of that month, when in fact the indictment charged the crime to have been committed on the 7th, which was *Saturday*, and we shall regard the dates as corrected by the almanac, the days of the week controlling, instead of the days of the month.

Motions for the continuance of causes are founded upon *ex parte* affidavits, made by the party or his agent, which, for the purposes of the motion, are taken as true, and no counter affidavits can be received. In the federal, and many of the state Courts, the application is addressed solely to the discretion of the Court. In the earlier cases in this state, it was so regarded; but yet it was a sound legal discretion, which this Court would supervise. Hence, it has often been held that the refusal to continue a cause upon a proper application, was error. *Vanblaricum* v. *Ward*,

1 Blackf. 50.—*Fuller* v. *The State, id.* 63.—*Bradbury* v.
*Dougherty,* 7 *id.* 467.—*Espy* v. *The State Bank,* 5 Ind. R.
274.—*Dutton* v. *The State, id.* 533.

In the case of *Detro* v. *The State,* 4 Ind. R. 200, a large
discretion was allowed to the Circuit Court on a question
of continuance; but in most of the later cases, little has
been said about discretion; and the right to a continu-
ance has been generally regarded as a question of law,
arising upon the statements of the affidavit.

If we regard the motion as addressed to the discretion
of the Court, we are to consider, that besides the atten-
dant circumstances, at the time the motion is made, the
Court has an opportunity of reviewing its decision, on a
motion for a new trial, and, after having heard all the evi-
dence in the cause, will be able to judge whether there is
any probability that the absent testimony could have varied
the result.

On the other hand, if viewed simply as a question of
law, arising upon the statements of the affidavit, it follows,
as a necessary consequence, that the party seeking delay
should be required to show himself clearly entitled to it.
He makes his own case, and can not have the aid of pre-
sumptions to remove apparent uncertainties. While, on
the one hand, the party charged with crime is entitled to
every presumption of innocence, on the other, he is placed
under great temptation to set up feigned and false preten-
ces for delay, a temptation which increases in urgency in
proportion to the imminence of his peril.

In the case of *Gordon* v. *Spencer,* 2 Blackf. 286, a rule
was laid down, that the affidavit for a continuance on ac-
count of the absence of witnesses, must clearly show their
materiality. Tested by this rule, we think the cause shown
for a continuance was not sufficient. The affidavit states
that the crime is "imputed" to have been committed on a
certain day. The "imputation," we suppose, can mean
neither more nor less than that it was so charged in the
indictment. If the term, by reason of its vagueness, might
mean something else, the uncertainty is not available to
the party who makes it. We shall, therefore, treat the

statement as referring to the time laid in the indictment. The time at which the indictment alleges a crime to have been committed, is immaterial, except that those which may be barred by lapse of time must be stated to have been committed within the period of limitation, and excepting also those in which time forms an essential ingredient of the offence. 2 R. S. 1852, p. 367, sec. 56. This indictment, as we have seen, alleged the murder to have been committed on the 7th day of *October*, 1854, which was *Saturday*. The affidavit stated that the deponent expected to prove by the absent witnesses that the deceased was seen with his family alive on the *Sunday* and *Monday* following. This may or may not have been material. To have made it so, the deponent should have stated that he apprehended the state would attempt to prove that *French* was killed before the day on which he proposed to prove him alive by the absent witnesses. Suppose he had named some other day when *French* was alive beyond doubt. Testing the affidavit by itself alone, the materiality of the evidence would have been as apparent as in that he presented, and yet the proof, if made, would have been of no force whatever. It is not sufficient to aver that the testimony sought will be material. Of that the Court must judge, and facts enough must be stated to show the connection between the testimony sought, and the case to be tried. Nothing less will comply with the rule laid down in *Gordon* v. *Spencer*, *supra*, and afterwards recognized in *Gross* v. *The State*, 2 Ind. R. 135. The same doctrine was held, and we think correctly, in *Bailey* v. *Hardy*, 12 Ill. R. 459.

The affidavit of Mr. *Pettit* was not adapted to a motion to continue the cause. It might have been sufficient on which to ask a postponement of the trial to a later day in the term.

The refusal of the Circuit Court to grant a change of venue upon an affidavit of excitement and prejudice against the prisoner in *Wabash* county, was not error. Such applications are addressed to the discretion of the Court. 2 R. S. 371, sec. 78. The discretion given to the

Court in that section does not relate solely to the place to which the cause shall be sent, if a change is awarded. It relates primarily to the granting of the application.

*Per Curiam.*—The judgment is affirmed with costs.

*J. U. Pettit, D. M. Cox,* and *J. L. Knight,* for the appellant.

*D. C. Chipman* and *J. W. Gordon,* for the state.