No. 12,794.

MORRIS v. THE STATE.

104 457
154 3

CRIMINAL LAW.—*Continuance.—Temporary Postponement.*—The several statutory provisions concerning the continuance of causes have reference as well to the temporary postponement of the trial as to a continuance for the term, and when a cause is postponed until a later day in the term, it is in legal contemplation continued.

SAME.—*Matter of Right.—Supreme Court.—Practice.*—Neither a continuance for the term nor a postponement can be demanded as a matter of right, except upon cause shown; and in a criminal case where, immediately following the return of an indictment, the defendant, being in court, moves for a postponement till the following day, which motion is not supported by affidavit or other affirmative showing, the refusal of the trial court to sustain such motion will not be reviewed by the Supreme Court.

From the Perry Circuit Court.

*C. H. Mason* and *W. Henning,* for appellant.

*W. A. Land,* Prosecuting Attorney, and *E. E. Drumb,* for the State.

NIBLACK, C. J.—On the 30th day of June, 1885, the grand jury of Perry county returned an indictment against the appellant, Tobias Morris, for an assault and battery with intent to commit a rape on the person of one Mary Deorn, a girl about fourteen years old. The appellant entered a plea of not guilty to the indictment and the case was continued.

On the 4th day of November then next ensuing, the appellant withdrew his plea theretofore entered and moved to quash the indictment on account of some alleged irregularity in the organization of the grand jury which returned it.

This motion to quash the indictment was sustained, but the grand jury of the county, being then in session, returned another indictment on the same day against the appellant for the same offence. It was about four o'clock in the afternoon when this latter indictment was returned, and the appellant, being in court upon his recognizance to answer any further indictment which might be presented against him, moved that the trial of the cause should be postponed until the next morning to allow him further time to consult counsel and to prepare for his defence, but this motion was overruled, and he was required to submit to an immediate trial, the result being a verdict of guilty as charged and a judgment of imprisonment in the State's prison for the term of two years.

Questions are made here only upon the refusal of the circuit court to postpone the trial until the following day, and upon the sufficiency of the evidence to sustain the verdict.

The several statutory provisions concerning the continuance of causes have reference as well to the temporary postponement of the trial of causes as to a continuance for the term, and when a cause is postponed, either until a later day in the same term, or until the next term, it is said to be, and is, in legal contemplation, continued. Bicknell Crim. Pr. 217; Moore Crim. Law, section 289; *Hubbard* v. *State*, 7 Ind. 160.

Motions to continue, as well as to postpone, are addressed to the sound discretion of the court, and neither a continuance nor a postponement can be demanded as a matter of right, except upon cause shown. Buskirk Pr. 224, 225; Moore Crim. Law, section 287.

The decision of a *nisi prius* court, upon any matter resting in its sound discretion, may be reviewed by this court, but such a decision will not be either reversed or disapproved, unless affirmatively shown to have been erroneous. Works Indiana Pr., section 738; *Detro* v. *State*, 4 Ind. 200; *Jenks* v. *State*, 39 Ind. 1; *Pate* v. *Tait*, 72 Ind. 450.

In this case the motion to postpone the trial was not supported either by affidavit or other affirmative showing, and

hence the presumption is that the circuit court rightly refused to postpone the trial.

The appellant testified as a witness in his own behalf. He did not deny that the prosecuting witness had been feloniously assaulted and maltreated as she claimed to have been, but based his defence upon the ground that his supposed connection with the offence was the result of a mistaken identity; that it was not he, but some other person, who had committed the offence with which he was so charged. There was evidence, nevertheless, tending very strongly to identify him as the guilty party in the assault and other violence which was committed upon the prosecuting witness.

There is consequently no sufficient reason for reversing the judgment upon the evidence.

The judgment is affirmed, with costs.

Filed Jan. 5, 1886.