## MALONE *v.* STATE OF INDIANA.

[No. 22,244. Filed January 29, 1913.]

1. CRIMINAL LAW.— *Appeal.— Presumptions.— Affidavit.— Amend-
ment Before Plea.*—Under §2043 Burns 1908, Acts 1905 p. 584,
§172, an affidavit in a criminal prosecution may be amended in
matter of substance or form at any time before the defendant
pleads, and where the record on appeal is silent as to whether a
plea had been entered at the time the affidavit was amended, it
will be presumed that defendant had not pleaded to the charge,
and the action of the court in permitting the amendment will not
be held erroneous. p. 186.

2. APPEAL.—*Review.—Presumptions.*—A ruling of the trial court
will be taken to be correct on appeal, in the absence of an affirm-
ative showing by the record to the contrary. p. 186.'

3. CRIMINAL LAW.—*Prosecution by Affidavit.—Amendment of Af-
fidavit.—Effect of Signature by Different Person.*—The fact that

Malone *v.* State—179 Ind. 184.

an affidavit in a criminal prosecution, filed as an amended affidavit, was signed by the prosecuting attorney instead of by the person who signed the original affidavit, did not constitute it a new affidavit as distinguished from an amended one, where the facts averred were the same.  p. 187.

4.  CRIMINAL LAW.—*Prosecution Before Justice of the Peace.— Jeopardy.—Amendment of Affidavit on Appeal.*—Where defendant in a criminal prosecution was convicted before a justice of the peace, and thereupon appealed to the circuit court, the subsequent filing of an amended affidavit in the circuit court did not put him in a second jeopardy for tne same offense.  p. 187.

5.  CRIMINAL LAW.—*Conviction Before Justice of the Peace.—Effect of Appeal to Circuit Court.*—An appeal from a conviction on a criminal charge before a justice of the peace vacates the judgment and transfers the whole proceeding to the court appealed to.  p. 188.

6.  MINES AND MINERALS.—*Regulation.—Statutes.—Prosecutions.— Institution.*—The right to institute prosecutions for violation of the mining act of 1905, is not limited to the inspector of mines and those under him.  p. 188.

7.  MINES AND MINERALS. — *Prosecutions. — Affidavit. — Negativing Exceptions of Statute.*—An affidavit, in a prosecution for a violation of §22 of the mining act of 1905 (Acts 1905 p. 65, §8592 Burns 1908) by acting as hoisting engineer at a coal mine without having a certificate of service or competency, is not defective for failure to allege that ten or more men were employed in the mine where defendant worked, since the provision of the act, excepting from its provisions mines employing fewer than ten men, is not contained in the section on which the affidavit is based, but if the mine is within the exception it is a matter of defense to be interposed by the accused.  p. 188.

8.  CRIMINAL LAW.—*Affidavit.—Sufficiency.*—An affidavit in a criminal prosecution is sufficient if it is drawn substantially in the language of the statute defining the offense charged.  p. 189.

9.  CRIMINAL LAW.—*Appeal.—Sufficiency of Evidence.—Briefs.*—No question is presented on the sufficiency of the evidence, where appellant has not pointed out in his brief, under points and authorities, any particular in which the evidence is insufficient.  p. 189.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against Bate Malone. From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Henry W. Moore* and *Charles H. Bedwell,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Brana-man, Edwin Corr* and *James E. McCullough,* for the State.

Cox, J.—Appellant was convicted before a justice of the peace of a violation of §22 of the mining act of 1905 (Acts 1905 p. 65, §8592 Burns 1908), by serving in the capacity of a hoisting engineer at a coal mine without having a certificate of service or competency. He appealed to the circuit court and there moved to quash the affidavit. Before a ruling on this motion was made by the court the prosecuting attorney upon leave of the court and over appellant's objection filed an amended affidavit. Appellant then moved to strike out the amended affidavit and this motion was overruled.

It is first contended that the court erred in permitting the prosecuting attorney to file an amended affidavit. The criminal code (§2043 Burns 1908, Acts 1905 p. 584,

1. §172), permits the amendment of an affidavit in matter of substance or form at any time before the defendant pleads. *State* v. *Anderson* (1912), 177 Ind. 437, 98 N. E. 289. The record is silent and does not show that, at the time the prosecuting attorney was given permission to file an amended affidavit, appellant had pleaded to the charge against him either in the justice's court or the circuit court. The silence of the record is made definitely significant that there had been no plea by the action of appellant in filing a motion to quash which he could not properly do with a plea in. *Epps* v. *State* (1885), 102 Ind. 539, 544, 1 N. E. 491.

The rule is well settled that, in the absence of an af-

2. firmative showing by the record to the contrary, the ruling of the trial court will be taken to be correct.

1. So in this state of the record it must be presumed, in support of the action of the circuit court in granting the prosecuting attorney leave to file an amended affidavit, that no plea had been entered by appellant at the time the leave was given. In such case the statute clearly permits

amendment. To sustain appellant's contention, that the court's action was erroneous, it would be necessary for the record to show affirmatively that a plea had been made and not withdrawn prior to the action of the court granting permission to amend the affidavit. The case of *Johns* v. *State* (1886), 104 Ind. 557, 4 N. E. 153, upon which reliance is placed by appellant to show that the amendment of the affidavit in this case was permitted and made after plea, does not, when rightly considered, aid appellant's contention. In that case the record was silent and did not show a plea and it was contended that as a trial without a plea was erroneous the judgment should be reversed. It was held that the mere silence of the record did not show affirmatively that there was no plea and, that not appearing, this court would presume in support of the judgment of the lower court that there was. The case in fact lends support to the conclusion above indicated that as it is not made to appear that the application to amend was not timely, the court therefore did not err in granting it.

It is next insisted that appellant's motion to strike out the amended affidavit should have been sustained for the reason that it was signed by the prosecuting attorney

3.  instead of the person who signed the original and that, therefore, it was a new affidavit and not an amended one. Aside from this the amended affidavit was not materially different from the first one. The facts averred, including the date of the alleged violation, are the same. We cannot see how the difference in person of the signatories can force the conclusion that the second affidavit was other than an amended one.

The appellant filed what is termed an answer and plea in abatement to the amended affidavit and the State's demurrer to it was sustained. This, appellant's coun-

4.  sel contend, was error. This pleading set up the facts showing the conviction of appellant before the

justice on the original affidavit and, it is claimed, the filing of the amended affidavit put appellant in a second jeopardy for the same offense. We can not concede the claim. To sustain the contention, it would seem, would lead to the absurdity of holding that a conviction before a justice would bar a trial on appeal in the circuit court on the original affidavit. The appeal, in fact, is more than a stay of the judgment of conviction before the justice. It vacates that judgment and transfers the whole proceeding to the court appealed to, there to be tried, upon the original affidavit, it is true, unless amended, *de novo*. *Wisehart* v. *State* (1886), 104 Ind. 407, 408, 4 N. E. 156; *Peelle* v. *State* (1903), 161 Ind. 378, 68 N. E. 682.

This answer or plea also alleged that the amended affidavit was not made by the inspector of mines, or his deputy, or by any one connected with the State department of mine inspection. Counsel contend that, as the mining act of 1905 places upon the inspector of mines the duty of seeing that its provisions are enforced, the right to institute prosecutions for violations thereof is limited to him and those under him. The contrary has been decided under a similar statute. *Isenhour* v. *State* (1901), 157 Ind. 517, 526, 62 N. E. 40.

The action of the court in overruling appellant's motion to quash the amended affidavit is assigned as error and relied upon for reversal. In appellant's brief the only "point" under this assignment, which makes specific objection to the amended affidavit, asserts that it is defective in failing to allege that in the mine, at which appellant was alleged to have unlawfully acted as hoisting engineer, ten or more men were employed, the act not being made applicable to mines where fewer than ten men are employed. In this statute the exception from its provisions of mines employing fewer than ten men is not found in the section defining the offense sought to be charged

in the amended affidavit. In such case the rule is that the exception need not be negatived in the affidavit or indictment in charging the offense. Such matters are in the nature of a defense to be interposed by the accused. *Yazel* v. *State* (1908), 170 Ind. 535; 84 N. E. 972; *State* v. *Bridgewater* (1908), 171 Ind. 1, 85 N. E. 715; *Witty* v. *State* (1910), 173 Ind. 404, 90 N. E. 627. The affidavit before us is substantially in the language of the statute which under the prevailing rule renders it sufficient. *Lipschitz* v. *State* (1912), 176 Ind. 673, 96 N. E. 945; *State* v. *Closser* (1912), *post* 230, 99 N. E. 1057.

Error is assigned on the action of the court in overruling appellant's motion for a new trial and under it an attempt is made in the brief of appellant to assail the sufficiency of the evidence to sustain the conviction. No particular in which the evidence fails to sustain the finding of guilty, is pointed out in that part of appellant's brief devoted to points and authorities as required by Rule 22 of the rules of this court and no question is presented on the evidence. An examination of the evidence, however, shows that we would not be justified in reversing the case on this claim of error.

The judgment of the circuit court is affirmed.

NOTE.—Reported in 100 N. E. 567. See, also, under (1, 2) 12 Cyc. 887; (5) 12 Cyc. 335. As to the test of identity of offences in connection with former jeopardy as a defense, see 92 Am. St. 105.