WAY *v*. STATE OF INDIANA

[No. 28,160. Filed May 21, 1946.]

*Paul Haywood,* of Bloomfield, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

GILKISON, J.—April 14, 1945, the appellant was charged with an assault and battery with intent to commit manslaughter. On April 23, 1945, he waived a formal arraignment and entered his plea of "not guilty," and the cause was assigned for trial on May 24, 1945. Later on the same day the trial of the cause was continued until the next term of court, by agreement of the parties. On September 3, 1945, by agreement of the parties the cause was assigned for trial on October 1, 1945.

On October 1, 1945, Paul Haywood, an attorney for the defendant, filed his verified motion for a continuance of the trial, alleging among other things that on May 23, 1945, he inspected the records and files in the case in preparing for the trial. That he made another inspection on October 1, 1945, and discovered that the

affidavit had been changed by interlineation, since his former inspection. That because of such change he is unable to go to trial on said affidavit "as it now appears." That such amendment was without the knowledge or consent of the appellant or any of his counsel.

Thereafter, on the same date the prosecuting attorney, asked leave to file an amended affidavit, which the court permitted, and then overruled appellant's motion for continuance. Appellant then asked for time in which to plead to the amended affidavit to which the State objected. The court gave appellant until 1:30 P. M. of the same day, in which to enter his plea. A motion to quash the amended affidavit, was overruled. An oral motion by appellant for a continuance "to enable the defendant and his counsel to prepare for a defense of this cause of action . . . and that if the defendant is compelled to go to trial at this time his defense . . . will be prejudiced thereby" was overruled by the court.

Appellant was then tried by jury, resulting in a finding of guilty, fine of $200 and 90 days in the Daviess County Jail.

By motion for new trial and proper assignment of errors appellant presents the following alleged errors for our determination:

"(1) Overruling the motion to quash the amended affidavit.

"(2) Requiring appellant to answer certain questions on his cross-examination.

"(3) The form of the verdict.

"(4) Permitting the state to amend the affidavit after plea.

"(5) Denying a continuance when an amended affidavit was filed on the day of trial."

The amended affidavit is as follows, omitting caption, signature and verification:

"W. L. Johnson, being duly sworn on his oath, states: that at and in the county of Daviess and state of Indiana on the 11th day of April, 1945, Earl Way did then and there, in a rude, insolent and angry manner unlawfully and feloniously, purposely without malice, expressed or implied, in a sudden heat, strike, beat, bruise, and break the bones of one Lois Butts with his fists and feet, with intent then and there and thereby her, the said Lois Butts unlawfully feloniously, purposely without malice, expressed or implied, in a sudden heat, to kill, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Indiana."

Appellant contends that the court should have sustained the motion to quash the amended affidavit because it is uncertain whether it charges an intent to commit voluntary or involuntary manslaughter. We do not think it is vulnerable to this objection. While it does not charge that the acts were done "voluntarily" agreeable with the statute, § 10-3405, Burns' 1942 Replacement, it does charge that they were done "purposely." We think this is sufficient. The facts alleged are in no sense agreeable with the definition of involuntary manslaughter. They are agreeable with the definiton of voluntary manslaughter. The motion to quash was properly overruled.

Appellant complains that over his objection, he was required to answer on his cross-examination, that theretofore he had been convicted of "speeding" and also of "disorderly conduct." It is a well recognized rule of law that any fact tending to impair the credibility of a party or witness by showing his interest, bias, ignorance, motives or that he is depraved in character, may be shown on cross-examina-

tion. The extent of such cross-examination is for the sound discretion of the trial court. While the evidence on this subject in this case may be slight in probative value, we can not say error was committed in admitting it. *Smith* v. *State* (1937), 212 Ind. 605, 610, 10 N. E. (2d) 899; *Dotterer* v. *State* (1909), 172 Ind. 357, 360, 362, 88 N. E. 689; *Shears* v. *State* (1896), 147 Ind. 51, 55, 46 N. E. 331; *Vancleave* v. *State* (1898), 150 Ind. 273, 275, 276, 49 N. E. 1060. For the same reason the motion to strike out this evidence was properly over-ruled.

The verdict is assailed as being contrary to law. It finds the defendant guilty of assault and battery, fixes his fine at $200, and that he be imprisoned in the county jail for 90 days. Appellant complains that the verdict does not designate the imprisonment as punishment as provided by statute, § 9-1819, Burns' 1942 Replacement. We do not think it essential that the verdict should so designate the imprisonment. It is obvious that such imprisonment is punishment, whether so designated or not. We think the form of the verdict is sufficient.

In the matter of amending an affidavit by which a defendant is attempted to be charged with a criminal offense, § 9-1124, Burns' 1942 Replacement provides:

> "The affidavit may be amended in matter of substance or form at any time before the defendant pleads. When the affidavit is amended, it shall be sworn to. No amendment of the affidavit shall cause any delay of the trial, unless for good cause shown."

Under this statute our court has consistently approved the amendment of affidavits in substance or form, prior to plea. *State* v. *Simpson* (1906), 166 Ind. 211, 214, 76 N. E. 544, 76 N. E. 1005; *Barrett* v.

*State* (1911), 175 Ind. 112, 114, 93 N. E. 543; *State* v. *Anderson* (1912), 177 Ind. 437, 439, 98 N. E. 289; *Malone* v. *State* (1913), 179 Ind. 184, 186, 100 N. E. 567; *Drury* v. *State* (1945), 223 Ind. 140, 59 N. E. (2d) 116. However, we find no case in Indiana approving an amendment in substance after a plea has been entered.

It has been held that, if the record is silent as to plea, and the court allows an amended affidavit to be filed, it will be presumed in favor of the ruling, that no plea had been entered at the time the amended affidavit was filed. *Malone* v. *State, supra; State* v. *Anderson, supra.* The statute authorizing the amendment of the charge in substance or form at any time before the defendant pleads, naturally prohibits such amendment after the defendant pleads, agreeable with the doctrine *"expressio unius est exclusio alterius."*

In the instant case the record affirmatively shows that the appellant had entered his plea long prior to the filing of the amended affidavit. This court has recently held that an amended affidavit changing the substance of the offense may not be filed after plea. See *Drury* v. *State, supra.*

However, it is contended by appellee that the amendment can be made under § 9-1133, Burns' 1942 Replacement which provides:

> "The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission *in form,* provided no change is made in the name or identity of the defendant or defendants *or of the crime sought to be charged."* (Our italics.)

In the instant case the amendment was made by the prosecuting attorney with the approval of the court. If the amendment thus made was for the purpose of

correcting a defect, imperfection or omission in form only, and it made no change in the name of the defendant or in the substance of the crime sought to be charged, it was·permissable under this section of the statute. *Dwigans* v. *State* (1944), 222 Ind. 434, 436, 54 N. E. (2d) 100; *Edwards* v. *State* (1942), 220 Ind. 490, 44 N. E. (2d) 304; *Peats* v. *State* (1938), 213 Ind. 560, 567, 12 N. E. (2d) 270.

To ascertain whether the amendment corrected a defect, imperfection or omission in form, or whether it changed the name of the defendant, or affected the substance of the crime sought to be charged, we must, of necessity compare the amended affidavit with the original. However, the original affidavit is not in the record. Appellant has presented a record containing a statement as follows:

"The clerk of this court is unable to furnish a copy of the original affidavit, for the reason that it was lost in the court room during the trial of this cause."

Neither appellant or appellee has made any effort to have this defect in the record corrected. This could have been done by bringing up a copy of the original affidavit from the clerk's record. § 9-909, Burns' 1942 Replacement, provides as follows:

"When such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney and indorse thereon the names of all the material witnesses; after which, such affidavit shall be filed with the clerk, who shall indorse thereon the date of such filing, *and record the same as in the case of an indictment, as provided in section one hundred and thirteen* (§ 9-904) *of this act.* . . . (Our italics.) And the record of such affidavit and indorsements thereon, or the copy

thereof, certified to be a true copy by the clerk of the court, shall be sufficient evidence of the making and filing of such affidavit and the contents thereof; and the defendant may be tried upon such copy, all as provided in section one hundred and fifteen (§ 9-905) of this act in case of trial on copy of indictment."

Section 9-904, referred to in § 9-909, provides as follows:

"As soon as an indictment is presented and examined by the court, the clerk shall file the same and indorse thereon the date of such filing; and he shall then record such indictment, with its indorsements, in a record book to be kept for that purpose, and the clerk before the last day of the term at which the same is presented, must compare the record with the original indictment and certify to the correctness thereof."

Assuming as we must in the absence of a showing to the contrary, that the clerk has performed his statutory duty as above indicated, this court judicially knows that the original affidavit filed with the clerk of the Daviess Circuit Court on April 4, 1945, has been duly recorded in a record book kept for that purpose, and that the record thereof has been compared with the original affidavit by the clerk, and certified as correct. In case the original affidavit "was lost in the court room during the trial" as stated in the transcript, it would have been a simple matter to have placed a copy of it, made from the clerk's record, in the transcript. Then the question sought to be reviewed, could be considered. Without it we are unable to pass upon the question on its merits. We must entertain the presumption in favor of the court's ruling that the amendment complained of was for the purpose of correcting a defect, imperfection or omission in the form of the affidavit only, and that it made no change in the name of the defendant, or in the substance of

the crime sought to be charged. *Hubbard* v. *The State* (1855), 7 Ind. 160, 163; *Driskill* v. *The State* (1855), 7 Ind. 338, 342; *Carlisle* v. *Wilkinson and Wife* (1859), 12 Ind. 91, 93.

The appellant contends that his rights were infringed, and invaded by the refusal of the court to sustain his motion for a continuance, when a new affidavit was filed on the day of trial. In civil cases amendments in pleadings may be allowed on or near the trial date but frequently "on terms"—that is, by a continuance of the date fixed for trial for a time sufficient to give the opposite party ample opportunity to meet the averments of the new pleading. The granting of a continuance under such circumstances is a matter for the sound discretion of the trial court. *Lavene* v. *Friedrichs* (1917), 186 Ind. 333, 338, 115 N. E. 324, 116 N. E. 421; *The Cerealine Manufacturing Company* v. *Bickford* (1891), 129 Ind. 236, 240, 28 N. E. 545; *Brandt* v. *The State ex rel. Boyer* (1897), 17 Ind. App. 311, 315, 46 N. E. 682. The discretion which the trial court may exercise in such a situation is much less in criminal cases.

> "No presumption can be indulged against the truth of the facts stated in an affidavit for a continuance, however strongly the court may suspect them to be false. Neither can any presumption be indulged in favor of such affidavit where it fails to state a necessary fact or insufficiently states it."

*Ransbottom* v. *State* (1895), 144 Ind. 250, 254, 43 N. E. 218; *Connors* v. *State* (1915), 183 Ind. 618, 621, 109 N. E. 757; *Roberts* v. *State* (1919), 188 Ind. 713, 716, 717, 124 N. E. 750. The application for continuance in this case calls into action the sound discretion of the trial court, and is distinguishable from one where a party is seeking a continuance on account of the absence

of evidence. In an application like this, the trial court will take judicial knowledge of the pending proceedings, the facts disclosed by the records, and all facts obviously open to it as a basis for exercising its discretion. *Roberts* v. *State, supra; Detro* v. *State* (1853), 4 Ind. 200.

There is no showing in the record that the amended affidavit filed on the date of trial was different in substance from the original, that it was based on other or different facts, that it would require other or different evidence to refute it, or that defendant would need other or additional witnesses than were required if the trial had been on the original affidavit. In such a situation we must presume that the trial court properly exercised its discretionary powers. Its ruling will be presumed to be in accordance with the justice and merits of the case. We cannot presume that it has abused its discretionary powers, or that appellant's rights have been injuriously affected. *Roberts* v. *State, supra; Detro* v. *State, supra; Neal* v. *State* (1938), 214 Ind. 328, 332, 333, 14 N. E. (2d) 590, 15 N. E. (2d) 950.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 66 N. E. (2d) 608.