### SWEET v. HOWARD, Warden.
### No. 8955.

Circuit Court of Appeals, Seventh Circuit.
May 21, 1946.

Richard Sweet, of Michigan City, Ind., in pro. per.

James A. Emmert, Atty. Gen., and Frank E. Coughlin, Karl J. Stipher, and Merl M. Wall, Asst. Attys. Gen., for appellee.

Before MAJOR and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MINTON, Circuit Judge.

The District Court for the Northern District of Indiana sustained the motion of the respondent to dismiss the petition of the petitioner for a writ of habeas corpus. This appeal was taken from the judgment dismissing said petition.

On April 15, 1935, petitioner was sentenced by the Parke Circuit Court of Indiana to life imprisonment on his plea of guilty of kidnapping. He is now in the state prison in custody of the warden under a commitment pursuant to this judgment.

The petitioner claims he has been denied due process of law and equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States; first, because he was brought back to Indiana from California without the formality of extradition and without his consent; second, because he had incompetent counsel appointed to defend him; and third, because he entered a plea of guilty under duress and threats of the prosecuting attorney to send his mother and step-father to prison if he did not plead guilty.

■ As to the first objection, there is no substance to it. It is not a denial of due process of law to return one from another state, even by force and without the formality of extradition procedure, to face criminal charges in the state to which he is returned. If the party is before the court, the court will not inquire how he got there. This is elementary. 25 American Jurisprudence, § 34, p. 169. One may be forcibly taken from one state to another and placed in the custody of a court in which proceedings are pending against such person without violating the Constitution of the United States or depriving the court in the holding state of its jurisdiction. Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283.

■ As to the second point, that petitioner did not have counsel assigned to him, petitioner alleges he demanded of the sheriff and prosecuting attorney of Parke county that counsel be appointed for him. Such officers have no authority to appoint counsel. On April 11, 1935, when arraigned in open court, the judge did appoint counsel. Petitioner says the counsel appointed was illiterate. That, if true, standing alone would not be sufficient to brand such counsel incompetent.

■ Specifically, the petitioner complains that his counsel did not make an affidavit for change of venue from the judge as petitioner requested. Such an application for change of venue must contain sworn allegations that the judge before whom the proceeding is pending is biased and prejudiced against the party on trial, and for that reason said party cannot have a fair and impartial trial before said judge. Burns' Ind.Rev.Stat.1933, 9-1301. That counsel did not prepare for execution such an affidavit and request for change of venue was no evidence of incompetency of counsel or that he improperly represented the petitioner, especially when there is no allegation by petitioner that said judge was biased and prejudiced against him.

■ Next, petitioner contends that his counsel did not make a motion for continuance as petitioner requested three days before trial. Under the statutes of Indiana, such a motion for continuance must be supported by affidavit, whether on account of absence of material evidence or absence of witnesses.[1] Postponement of a trial

---

[1] Motion and affidavit of accused.—A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. If, thereupon, the prosecuting attorney will admit that the witness, if present, will testify to the facts which the defendant in his affidavit for continuance alleges that he can prove by the absent witness, or if the evidence be written or documentary, that such documentary evidence exists, the trial shall not be postponed for that cause. The defendant shall file such affidavit for continuance at least five (5) days before

made during term time can be demanded only for cause shown by affidavit. Morris v. State, 104 Ind. 457, 4 N.E. 148. For aught that appears in the record, there existed no ground for continuance. Therefore, petitioner's counsel could not be said to have been derelict in the performance of his duty in the failure to make such a motion. Whether any of the grounds for a continuance as provided by statute existed does not appear by any allegation in the petitioner's petition. Failure of counsel to make such a motion is, standing alone, no reflection on counsel, or the kind of representation he gave the petitioner.

█ Petitioner's next complaint of counsel is that he subpoenaed only four of sixteen witnesses petitioner requested. Whether these witnesses were competent, to what they would testify, or whether they were in the state of Indiana, does not appear. Whether any facts, and if so what facts, concerning these witnesses were communicated to petitioner's counsel does not appear. Under such circumstances, we cannot say counsel for the petitioner did not properly represent petitioner in the subpoenaing of witnesses.

The petition shows that petitioner did have counsel appointed by the court, and except for the conclusions of the petitioner as set forth in his petition, there are no facts in the record which show that the counsel was not competent and did not properly handle petitioner's case. Petitioner's estimate of the worth of his counsel and his ability as a lawyer is not shared by the Supreme Court of Indiana, who commented upon petitioner's counsel in the case of Eagle v. State, 221 Ind. 475, 48 N. E.2d 811. From the observations of the

Supreme Court of Indiana, we learn that petitioner's counsel had practiced law for forty years and was president of the local bar association.

█ When the petitioner entered a plea of guilty, he was in open court accompanied by his counsel. Petitioner says he thought he was pleading guilty to abduction and not to kidnapping, and that he was to get two to fourteen years for abduction. When he found out he was to get a life sentence for kidnapping, he sought to withdraw his plea of guilty, but the court refused to permit him to withdraw his plea. Under the law of Indiana, a plea of guilty may be withdrawn at the discretion of the court. Lamick v. State, 196 Ind. 71, 147 N.E. 139; Blackburn v. State, 195 Ind. 603, 145 N.E. 486, 146 N.E. 398; Carr v. State, 194 Ind. 162, 142 N.E. 378.

Whether the court abused its discretion in this instance is not for us to say in this proceeding. There are no allegations as to what or who led petitioner to believe he was pleading guilty to abduction and not to kidnapping. He was arraigned for kidnapping a male physician. Abduction is the taking of a chaste female away from her home to a house of prostitution or for the purposes of prostitution. Burns' Ind. Rev.Stat.1933, 10-4209. How the defendant could have been under the impression that he was pleading guilty to abduction under these circumstances must have been as nonapparent to the trial court as it is to us.

█ The petitioner alleges in his petition that he entered his plea of guilty under duress as the prosecuting attorney threatened that if the petitioner requested counsel to defend himself, the prosecuting

---

the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date. If the motion for continuance is based upon the illness of the defendant or of a witness, the motion shall be accompanied by the oral testimony, in open court, or by the written statement of a physician or hospital official having the care or custody of such defendant or witness, presenting the nature of the illness and the probable duration of his

incapacity to attend trial. Such written statement of the physician or hospital official shall be sworn by to such physician or hospital official before a notary public or other officer authorized to administer an oath. The court may appoint a physician who shall examine the defendant or the witness, and shall report to the court on the nature of the defendant's illness and probable duration of his incapacity to attend trial. Compensation for such physician shall be provided by order of the court." Burns' Ind.Rev.Stat., 1933, 9-1401.

attorney would send petitioner's mother and step-father to prison. Notwithstanding these alleged threats, the petitioner alleges that he did time and again request counsel, and there was no effort made to molest his relatives. Further on in the petition, petitioner alleges that he was threatened by the prosecuting attorney that if he did not plead guilty, he would send petitioner's mother and step-father to prison. This fact, if it be a fact, was not communicated to his counsel or to the court so far as the record shows. Petitioner entered his plea of guilty, so he says, thinking he was pleading guilty to abduction and not to kidnapping, and after he had entered his plea, he suggested to counsel that counsel request the court to allow him to withdraw his plea. All these things he did, notwithstanding the threats which he said had been made.

If such threats were made, and for the purposes of this motion, we must assume that they were, the law of Indiana provides a clear and effective remedy. It is an old and well-known remedy in the practice of Indiana law that if one enters a plea of guilty under fear or duress, he may have a judgment based thereon set aside. Sanders v. State, 85 Ind. 318, 44 Am.Rep. 29. In this case one of the greatest judges ever to grace the Supreme Court bench in Indiana, Judge Elliot, laid down the rule, which has since been followed in Indiana, that recognized the right of a defendant to raise that question in the court in which he had been tried by the old common law writ of coram nobis. Notwithstanding the fact that no exception whatever had been taken in the court below on the matter, and that time for appeal had gone by for years, the Supreme Court of Indiana said that the writ of error coram nobis was available to correct such injustice as that of a plea of guilty entered under threats or fear. The petitioner alleges in his petition that he has filed and that there is still pending in the Circuit Court of Indiana, a petition for a writ of error coram nobis. We assume one of the grounds in such petition is the allegation in his petition here, that he was under compulsion of threats and fear when he entered his plea of guilty. Such a wrong, if committed, can be remedied by the petition for a writ of error coram nobis which the petitioner has pending in the courts of Indiana. It is therefore apparent that the petitioner has not exhausted his remedies provided by the law of Indiana. This he must do before we can consider him entitled to relief on a petition of habeas corpus in a federal court. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572; Potter v. Dowd, 7 Cir., 146 F.2d 244, 246. This he must do because the state cannot be said to be derelict of its duties under the Constitution of the United States until it has been given the chance to act and has acted adversely to the rights guaranteed by the Constitution. As we understand the Hawk case, supra, the exhaustion of state remedies requires an appeal to the Supreme Court of the United States from the action of the Supreme Court of Indiana on the petition for writ of error coram nobis. The Supreme Court, 321 U.S. at page 116, 64 S.Ct. at page 450, in the Hawk case, says, "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. * * *"

We think it is clear that the petitioner made no showing in his petition that he had been denied the service of competent counsel, or that he was denied any right guaranteed by the Constitution of the United States by the manner in which he was returned to jurisdiction of the Indiana court from the state of California. The other allegation that he entered his plea of guilty under duress and threats will have to await the exhaustion of the remedies provided in Indiana by the writ of error coram nobis.

The petitioner requested us to appoint counsel for him whenever there is oral argument to be had. Since the respondent did not ask oral argument, but agreed that the case could be submitted on briefs, we had no occasion to consider whether counsel should be appointed. The petitioner's

brief was well prepared and if he stood in need of a lawyer, his brief did not reflect it.

We think the District Court committed no error in sustaining the motion to dismiss the petition, and the judgment of the District Court is

Affirmed.