RUSSELL B. SECREST *v*. STATE OF INDIANA.

[No. 2-174A33. Filed July 8, 1975.]

*Larry Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo, Jr.,* Deputy Attorney General, for appellee.

WHITE, J.—The appellant Russell B. Secrest was found guilty after jury trial of the offense of assault with intent to kill. His Belated Motion for New Trial was overruled by the trial court and, this court having granted his Petition for Belated Appeal, he now argues that he was denied a fair trial because of an alleged amendment of the affidavit under which he was tried, and because prior to his trial a special venire of prospective jurors was allowed to remain in the courtroom while hearings were had on guilty pleas entered in unrelated cases.

We affirm.

In relation to the affidavit under which he was tried, Secrest, in his Belated Motion for New Trial, assigns as error:

"2. That the defendant was denied a fair trial because of improper conduct of the Court who, in open Court, in the presence of the prospective jury, suggested to the Prosecutor that the charge as filed, charged only simple assault and battery, and then proceeded to suggested amendments to the Affidavit, which amendments prosecutor only then moved to make."

This allegation is not verified and is not substantiated by the record.

The record shows that on September 23, 1972, an affidavit was filed in Marion County Municipal Court charging Secrest with assault and battery with intent to kill. Secrest waived probable cause hearing and was bound over to the Criminal Court of Marion County. On November 22, 1972, the State filed an amended affidavit, whereupon Secrest waived arraignment and pleaded not guilty.

The amended affidavit is entitled "Amended Affidavit for Assault with Intent to Commit a Felony, to-wit: Murder." However, the typewritten body of the affidavit reads as follows:

". . . did then and there unlawfully and feloniously assault one Michael D. Williams, by pointing a gun loaded with gunpowder and metal bullets at the said Michael D. Williams with the intent to commit a violent injury upon the said Michael D. Williams and then and there having the

present ability to commit said assault upon the said Michael D. Williams, then and there being contrary to the form of the statute. . . ."

The photo-copy of the affidavit in the transcript of the record also shows that the body of the amended affidavit was altered by handwritten insertions and deletions to read as follows:

". . . did then and there unlawfully and feloniously assault one Michael D. Williams, by pointing a gun loaded with gunpowder and metal bullets at the said Michael D. Williams with the intent to kill the said Michael D. Williams a human being and then and there having the present ability to commit said assault upon the said Michael D. Williams, then and there being contrary to the form of the statute. . . ."

There is nothing in the record to show us when and by whom and under what circumstances the handwritten alterations to the typed affidavit were made, except that a second photocopy of the amended affidavit as altered is a part of a preliminary instruction which the record states was read to the jury.[1] For aught that appears in the record the handwritten changes in the affidavit were made prior to the filing of that affidavit on November 22, 1972.[2]

An "affidavit may be amended in matter of substance or form at any time before the defendant pleads." IC 1971, 35-1-23-7, Ind. Ann. Stat. § 9-1124 (Burns 1956 Repl.).[3] In *Malone* v. *State* (1913), 179 Ind. 184, 100 N.E. 567, it was held that if the record is silent

---

1. The only passage in the transcript of the trial proceedings that could be considered pertinent is an oral motion made by Secrest's counsel at the close of the State's evidence:

". . . Your Honor, I would renew my Motion for mistrial previously stated for the remarks that we considered improper by the Court suggesting amendments to the prosecutor as far as the affidavit, we would also move for discharge based on that there is no evidence. . . ."
The transcript does not contain any prior Motion.

2. In his brief, but not in his Belated Motion for New Trial, Secrest states that the changes were made on July 23, 1973, the day of his trial.

3. This statute was in effect at the time of Secrest's trial but since has been repealed by Acts of 1973, P.L. 325, § 5. For present law see IC 1971, 35-3.1-1-5, Ind. Ann. Stat. § 9-907 (Burns 1974 Supp.).

as to whether a plea had been made prior to the time an amendment in substance was filed it will be presumed that no plea had been made. In *Way* v. *State* (1946), 224 Ind. 280, 66 N.E.2d 608, the court recognized that an amendment in substance cannot be made after a plea has been entered and held that when the record does not contain the original affidavit it will be presumed that an amended affidavit filed after a plea had been made was an amendment in form rather than an amendment in substance.

Both *Malone* and *Way* relied on the principle that with a silent record the presumption must be in favor of the trial court's ruling. So also must we, on the basis of the record filed herein, presume that the trial court committed no error.

As to Secrest's argument concerning the special venire, we held in *Chatman* v. *State* (1975), 164 Ind. App. 97, 326 N.E. 2d 839, 46 Ind. Dec. 639, that no such argument can be considered unless the record affirmatively shows both that one or more of those members of the special venire who were exposed to the prior guilty pleas became members of the petit jury and that the defendant had exhausted his peremptory challenges. There is no such showing here.

The judgment is affirmed.

Buchanan, J., concurs; Sullivan, P.J., concurs in result only.

NOTE.—Reported at 330 N.E.2d 791.